IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

HAROLD P. SCOTT, )
 )
      Petitioner, )
 )
v. ) Civil Action No. 06-779-***
 )
DAVID J. FACCIOLA, and )
ATTORNEY GENERAL OF )
THE STATE OF DELAWARE, )
 )
      Respondents. )

**O R D E R**

WHEREAS, petitioner requests leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915; and

WHEREAS, although petitioner, proceeding *pro se*, asserts his claim on a form for filing a complaint under the Civil Rights Act, 42 U.S.C. § 1983, the court construes petitioner's complaint to be a petition for federal habeas relief filed pursuant to 28 U.S.C. § 2254 because petitioner challenges the execution of his sentence and asks for his immediate release from prison. See *Castro v. United States*, 540 U.S. 375 (2003)(explaining the proper method for a federal court to re-characterize a *pro se* litigant's motion as a first § 2255 motion); *Preiser v. Rodriguez*, 411 U.S. 475 (1973)(habeas corpus is the exclusive remedy for a prisoner challenging the fact or duration of his confinement and seeking immediate or speedier release); and

WHEREAS, having characterized petitioner's complaint to be a § 2254 petition, the court advises petitioner that the Antiterrorism and Effective Death Penalty

Act of 1996 ("AEDPA"), 28 U.S.C. § 2244, applies to the pending petition. *See United States v. Miller*, 197 F.3d 644 (3d Cir. 1999); *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000). The AEDPA imposes a one-year period of limitation on the filing of habeas petitions (28 U.S.C. § 2244(d)(1)) and effectively precludes petitioners from filing a second or subsequent habeas petition except in the most unusual of circumstances. 28 U.S.C. § 2244(b); and

WHEREAS, petitioner must indicate on the attached election form his agreement or disagreement with the court's re-characterization of his action as a § 2254 proceeding; and

WHEREAS, if petitioner agrees that his complaint is properly characterized as a § 2254 petition, he must also complete the attached form titled "Petition for Relief From a Conviction or Sentence By a Person in State Custody" filed pursuant to 28 U.S.C. § 2254, designate the proper respondents (petitioner's custodian and the Attorney General of the State of Delaware), and return the proper § 2254 petition to the court along with the aforementioned election form.

NOW, THEREFORE, IT IS ORDERED this _17_ day of January, 2007;

1. Petitioner's request to proceed *in forma pauperis* is GRANTED.

2. The clerk shall attach to this order the form titled "Petition for Relief From a Conviction or Sentence By a Person in State Custody" filed pursuant to 28 U.S.C. § 2254.

3. On or before February _28_, 2007, petitioner must complete and file the attached election form with the court. If petitioner agrees that his pending complaint is a § 2254 petition and chooses option one on the election form, he must

also complete and file the attached § 2254 petition when he files his election form. If petitioner chooses option two on the election form, he must complete and file the attached § 2254 petition within the 30-day time period described therein. Finally, if petitioner chooses option three or four on the election form, he need not file a completed § 2254 petition when he files his election form. Failure to comply with these requirements and timely return the completed forms as described above may result in the dismissal of the pending action.

/s/ Mary Pat Thynge
Honorable Mary Pat Thynge
U.S. Magistrate Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HAROLD P. SCOTT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 06-779-*** |
| ) | |
| DAVID J. FACCIOLA, and ) | |
| ATTORNEY GENERAL OF ) | |
| THE STATE OF DELAWARE, ) | |
| ) | |
| Respondents. ) | |

### AEDPA ELECTION FORM

1. _____   I agree that my pending complaint is a petition for federal habeas relief filed pursuant to 28 U.S.C. § 2254. I am filing a proper form for federal habeas relief pursuant to 28 U.S.C. § 2254 along with this election form, and I wish the court to rule on the grounds asserted in my form § 2254 petition. I realize that the law does not allow me to file successive or later petitions unless I receive certification to do so from the United States Court of for the Third Circuit; therefore, this petition will be my one opportunity to seek federal habeas corpus relief.

2. _____   I agree that my pending complaint is a petition for federal habeas relief filed pursuant to 28 U.S.C. § 2254. However, I wish to amend my § 2254 petition to include all the grounds I have. I will complete and file a proper form § 2254 petition with all my grounds and amendments within thirty (30) days. I realize that the law does not allow me to file successive or later petitions unless I receive certification to do so from the United States Court of Appeals for the Third Circuit; therefore, this amended all-inclusive petition will be my one opportunity to seek federal habeas corpus relief.

3. _____  I agree that my pending complaint is a petition for federal habeas relief filed pursuant to 28 U.S.C. § 2254. However, I wish to withdraw my § 2254 petition without prejudice to file one all-inclusive petition in the future; that is, one that raises all the grounds I have for federal habeas corpus relief. I realize this all-inclusive petition must be filed within the one-year period as defined by 28 U.S.C. § 2244(d). See Swartz v. Meyers, 204 F.3d 417 (3d Cir. 2000).

4. _____  I do not agree with the court's re-characterization of my complaint as a § 2254 petition because I am not seeking federal habeas corpus relief. I am instead seeking relief under _____.

_____
Petitioner