# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **HAROLD P. SCOTT,** | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civ. Act. No. 06-779-*** |
| | : | |
| **THOMAS CARROLL**, Warden, | : | |
| and **JOSEPH R. BIDEN, III**, Attorney | : | |
| General of the State of Delaware, | : | |
| | : | |
| Respondents. | : | |

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254, respondents state the following in response to the petition for a writ of habeas corpus:

In April 1998, the petitioner, Harold P. Scott, was found guilty by a Delaware Superior Court jury of second degree burglary and misdemeanor theft. Scott moved for a new trial, but his motion was denied. *See State v. Scott*, 1998 WL 729605 (Del. Super. June 24, 1998). After a pre-sentence investigation, Scott was sentenced on June 19, 1998 to nine years of incarceration at Level V, suspended after five years for a total of four years at a halfway house and on probation. *See State v. Scott*, ID 9612012949, Sentence Order (Del. Super. Ct. June 19, 1998). Scott's conviction and sentence were affirmed by the Delaware Supreme Court on direct appeal. *Scott v. State*, 1999 WL 415804 (Del. Apr. 29, 1999).

In August 1999, Scott moved for postconviction relief under Criminal Rule 61; that motion was promptly denied by Superior Court. *See State v. Scott*, 1999 WL 1240815 (Del. Super. Ct. Sept. 20, 1999). Beginning in November 2002, Scott filed in Superior Court a series of petitions for a writ of habeas corpus, all of which were denied. *See generally* Del. Super. Ct.

1

Crim. Dkt. in ID 9612012949 (hereinafter "Crim. Dkt."). Scott did not appeal the denial of his state habeas petitions.

In November 2003, a violation of probation report was filed with the court. *See* Crim. Dkt. at Item 63. Following a court-ordered psychiatric evaluation of Scott, a violation of probation hearing was held on April 30, 2004. *See* Crim. Dkt. at Item 72. Scott was found to have violated the terms of his probation, his probation was revoked, and the court re-imposed a sentence of two years, six months at Level V, suspended after six months for decreasing levels of probation. *See State v. Scott*, ID 9612012949, Violation of Probation Sentence Order (Del. Super. Ct. April 30, 2004). Scott did not appeal his violation of probation sentence.

In August 2004, an administrative warrant was filed by Scott's Level III probation officer. *See* Crim. Dkt. at Item 75. On September 8, 2004, after a hearing, Scott was again found to have violated the terms of his probation. His probation was revoked and he was re-sentenced to three years of Level V incarceration with no probation to follow. *See State v. Scott*, ID 9612012949, Violation of Probation Sentence Order (Del. Super. Ct. Sept. 8, 2004). Scott did not appeal his violation of probation sentence. Although Scott attempted to move for postconviction relief in January 2006, his filing was deemed non-compliant, and his motion was rejected. *See* Crim. Dkt. at Items 79 & 83. The court in turn, treating the rejected postconviction motion as a motion for modification of sentence, found that Scott was not amenable to probation and denied the motion. *See* Crim. Dkt. at Item 85.

Scott filed his federal habeas petition on December 20, 2006. D.I. 2. That petition, however, was filed using the wrong form. *See* D.I. 2. After receiving the correct form from the Court, Scott filed an amended federal habeas petition dated January 22, 2007. D.I. 11.

2

Discussion

In his amended petition for federal habeas relief, Scott claims that he is improperly serving a probationary sentence at Level V.  D.I. 11 at 9.  Although Scott has attempted to raise other issues, respondents cannot decipher the claims.  Ground One of Scott's petition complains that he was "awarded both times."  D.I. 11 at 6.  Respondents have been unable to ascertain any judgments that have been awarded to Scott in either the Delaware Superior Court or Delaware District Court.  Nor can respondents discern any federal claim asserted in Ground One.  Ground Two simply reads "Case 311," presumably in reference to Scott's direct appeal (No. 311, 1998) to the Delaware Supreme Court.  *See* D.I. 11 at 7.  The supporting facts to Ground Two presented by Scott, however, only refer to his original sentence that included three years at decreasing levels of probation.  *See* D. I. 11 at 8.  In Ground Three, Scott specifically complains that he "is serving time on probation" and that time is "way over due."  D.I. 11 at 9.  Respondents thus have concluded that Scott's complaint is that he is being held at Level V rather than being allowed to serve his original June 1998 sentence that included a probationary period.  In any case, Scott's claim is unavailing.

Scott is not entitled to relief because the discernable claim presented in his petition is untimely under 28 U.S.C. § 2244(d).  By the terms of § 2244(d)(1), a federal habeas petitioner must file the petition within one year of the date on which the state court judgment became final upon the conclusion of direct review.  *See* 28 U.S.C. § 2244(d)(1)(A); *Calderon v. Ashmus*, 523 U.S. 740, 742-43 (1998).[1]  Thus, the one-year period of limitations began to run when Scott's

---

[1]  Scott does not allege, nor can respondents discern, any reason to believe that the terms of 28 U.S.C. § 2244(d)(1)(B)-(D) are applicable.

violation of probation sentence (imposed on September 8, 2004) became final under § 2244(d)(1)(A). *See, e.g., Gibbs v. Carroll,* 2004 WL 1376588, *2 (D. Del.).

Scott did not appeal from the revocation of probation, and thus the limitation period of § 2244(d)(1)(A) began to run at the expiration of the 30-day period during which he could have filed an appeal to the Delaware Supreme Court. *See Kapral v. United States,* 166 F.3d 565, 577 (3d Cir.1999). That period expired on October 8, 2004. *See* DEL. CODE ANN. TIT. 10, § 147; DEL. SUPR. CT. R. 6(a)(ii). Scott thus had until October 10, 2005[2] to file his federal habeas petition without running afoul of § 2244(d). *See, e.g., Samuel v. Carroll,* 2004 WL 1368845 (D. Del.); *Morales v. Carroll,* 2004 WL 1043723 (D. Del.). Scott's petition, dated January 22, 2007,[3] is obviously filed past the October 2005 deadline. The petition is thus untimely and must be dismissed, unless the time period can be statutorily or equitably tolled. *See Jones v. Morton,* 195 F.3d 153, 158 (3d Cir. 1999).

In turn, the tolling mechanism of § 2244(d)(1) does not save Scott's petition from the running of the limitations period. *See* 28 U.S.C. § 2244(d)(2). When applicable, § 2244(d)(2) tolls the one-year period of § 2244(d)(1) during the time that a properly filed state postconviction action is pending in the state courts. If the one year period has already expired, a postconviction motion filed after that point does not revive the one year period. *See Smith v. McGinnis,* 208 F.3d 13 (2d Cir. 2000); *Samuel,* 2004 WL 1368845, *3. But all of Scott's litigation occurred

---

[2] Because the last day of the period would fall on a weekend, Scott had until Monday, October 10, 2005 to file his federal habeas petition. *See* FED. R. CIV. P. 6(a).

[3] *See Longenette v. Krusing,* 322 F.3d 758, 761 (3d Cir. 2003) (a prisoner's petition is considered filed on the date he delivers it to prison officials for mailing); *Burns v. Morton,* 134 F.3d 109, 111 (3d Cir. 1998) (same); *Woods v. Kearney,* 215 F. Supp.2d 458, 460 (D. Del. 2002) (date on petition is presumptive date of mailing and, thus, of filing). Moreover, even if the date of Scott's original non-compliant filing (December 20, 2006 (D.I. 2)) was used for purposes of applying the limitation period, Scott's claim would remain untimely.

4

after the statute of limitations had run. The limitations period began to run on October 9, 2004, and the period expired on October 10, 2005. A state postconviction action was not filed by Scott until January 13, 2006, more than three months after the limitations period of § 2244(d)(1) had expired. Thus, the state postconviction action has no effect on the statutory tolling provision. *See Lawrence v. Carroll*, 2003 WL 21402509, *2 (D. Del. June 10, 2003). Because the one year period was not tolled under § 2244(d)(2), Scott's petition is untimely under § 2244(d). Thus, the statute of limitations expired on Scott's claim prior to January 22, 2007, i.e., the date indicated on the petition, and the petition is therefore barred by § 2244(d). *See, e.g., Samuel*, 2004 WL 1368845, *3; *Benson v. Carroll*, 2004 WL 1151547, *4 (D. Del. May 18, 2004).[4]

---

[4] To the extent that Scott may be attempting to raise the issues he presented on direct appeal of his conviction, those claims are also untimely. On direct appeal, Scott raised the following claims: (1) prosecutorial misconduct in the form of improper closing argument (two arguments); (2) insufficient evidence as to the burglary; (3) improper admission of evidence under the Delaware rules; and (4) the trial court improperly assisted the prosecution in the presentation of its case. *See* Op. Br. in Del. Supr. No. 311, 1998. These claims are also untimely under § 2244(d). The Delaware Supreme Court affirmed Scott's conviction and sentence on April 29, 1999. *Scott*, 1999 WL 415804. Although Scott did not seek review by the United States Supreme Court, the ninety-day period in which he could have filed a petition for a writ of certiorari expired on July 28, 1999. *See Kapral*, 166 F.3d at 576 (holding that on direct review, the limitation period of § 2244(d)(1)(A) begins to run at the expiration of the time for seeking review in the United States Supreme Court). Scott thus had until July 31, 2000 to file his federal habeas petition without running afoul of § 2244(d).

Although Scott's 1999 postconviction motion acted to toll the limitations period, an aggregate period of more than the one-year limitations period elapsed, and his claims are time barred. Scott filed a state postconviction motion on August 2, 1999. *See* Crim. Dkt. at Item 50. The court denied the motion on September 20, 1999. Scott did not appeal from the denial of postconviction relief. The limitations period was tolled during the pendency of Scott's postconviction action, and for the thirty days after the denial of the motion during which time Scott could have filed a notice of appeal. *See Swartz v. Meyers*, 204 F.3d 417, 424 (3d Cir. 2000); *see also Lawrence v. Florida*, 127 S. Ct. 1079, 1083 (2007) (in state postconviction proceedings, the limitations period of § 2244(d)(1) is not tolled during the time for filing a petition for certiorari in the United States Supreme Court). Thus, the limitations period was tolled from August 2, 1999 through October 20, 1999, the date the thirty-day period for filing an appeal expired. The limitations clock began to run again on October 21, 1999. Scott did not file another state postconviction motion or state habeas petition until November 6, 2002, more than

As the Court has repeatedly noted, however, the limitation period may be subject to equitable tolling. *See, e.g., Thomas v. Snyder*, 2001 WL 1555239, at *3-4 (D. Del.) (describing rule). Equitable tolling, however, applies only where the petitioner "has in some extraordinary way been prevented from asserting his or her rights." *Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 618 (3d Cir. 1998). Here, Scott has not alleged that he was prevented from asserting his rights. "To the extent that petitioner's failure to timely file his petition was the result of a mistake, a mistake does not constitute an extraordinary circumstance." *Wilmer v. Carroll*, 2003 WL 21146750, *5 (D. Del.); *see Simpson v. Snyder*, 2002 WL 1000094, order at *3 (D. Del.) (rejecting such an argument made by petitioner). In short, Scott's claim is untimely under § 2244(d), and there is no basis upon which any relevant time should be excluded by virtue of the equitable tolling doctrine.

Alternatively, Scott's claim is entirely without merit.[5]  In September 2004, Scott was found to have violated the terms of his probation regarding his 1998 convictions for second degree burglary and misdemeanor theft. His probation was revoked, and he was sentenced to three years in prison with no probation to follow. Although Scott's original 1998 sentence provided for nine years of prison, that sentence also provided for a suspension of the prison time for decreasing levels of probation. Having twice been found to have violated the terms of his probation, Scott was sentenced in April 2004 and again in September 2004 for the respective

---

three years after the limitations began to run anew. *See* Crim. Dkt. at Item 56. Thus, the state habeas actions (and Scott's subsequent filings in state court), having been filed after the expiration of the limitations period, had no effect on the statutory tolling provision. As a result, the one-year limitations period of § 2244 expired, and Scott's claims relating to his original conviction and sentence are untimely and should be dismissed.

[5] The question about Scott's sentence has not been presented to the state supreme court. Respondents, however, waive the exhaustion requirement. *See* 28 U.S.C. § 2254(b)(3).

violations.  Pursuant to Delaware law, the trial court, upon a finding that a probationer has violated the terms of his probation on a suspended sentence, "may impose any sentence which might originally have been imposed."  DEL. CODE. ANN. TIT. 11, § 4334(c).  Thus, the Superior Court, after finding that Scott had violated the conditions of his probation for the second time, sentenced Scott to serve the time which had been suspended on his original sentence.  Thus, Scott is not entitled to be on probation, and his claim that he is serving a probationary term in prison is wholly without merit.  Because there is no factual basis for his claim, Scott's claim should be dismissed.

<div align="center">Conclusion</div>

Based upon the Superior Court docket sheet, it appears that a transcript of Scott's April 1998 trial and his June 1998 sentencing have been prepared.  Although not indicated on the docket sheet, the violation of probation hearings on April 30, 2004, and September 8, 2004 have been recorded, but no transcripts have been prepared.  In the event that the Court directs the production of any transcript, respondents cannot state with specificity when such transcript would be available.  However, respondents reasonably anticipate that such production would take 90 days from the issuance of any such order by the Court.

For the foregoing reasons, the petition for a writ of habeas corpus should be dismissed without further proceedings.

<div style="margin-left: 45%;">

/s/ Elizabeth R. McFarlan
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 3759
elizabeth.mcfarlan@state.de.us
</div>

Date:  April 10, 2007

<div align="center">7</div>

Westlaw.

Not Reported in F.Supp.2d                                                                                    Page 1
Not Reported in F.Supp.2d, 2004 WL 1376588
**(Cite as: Not Reported in F.Supp.2d)**

Not Reported in F.Supp.2d, 2004 WL 1376588
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Otto GIBBS, Petitioner,
v.
Thomas CARROLL, Warden, and M. Jane Brady, Attorney
General of the State of Delaware, Respondents.
**No. Civ.A.03-634-JJF.**

June 17, 2004.

Otto Gibbs, Petitioner, pro se.
Thomas E. Brown , Deputy Attorney General, Delaware
Department of Justice, Wilmington, Delaware, for
Respondents.

*MEMORANDUM OPINION*

FARNAN, J.

## I. INTRODUCTION

*1 Petitioner Otto Gibbs is a Delaware inmate in custody at
the Delaware Correctional Center in Smyrna, Delaware.
Currently before the Court is Petitioner's Petition For A
Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and his
supporting Memorandum. (D.I. 2; D.I. 3) For the reasons
that follow, the Court concludes that Petitioner's Petition is
time-barred by the one-year period of limitations prescribed
in 28 U.S.C. § 2244(d)(1).

## II. BACKGROUND

On September 8, 1997, Petitioner was convicted by a
Delaware Superior Court jury of second degree unlawful
sexual intercourse. He was sentenced to 20 years in prison,
suspended after 15 years for probation. The Delaware
Supreme Court affirmed Petitioner's conviction and
sentence on direct appeal. *Gibbs v. State,* 723 A.2d 396
(Del.1998).

On September 24, 1999, Petitioner filed an application for
state post-conviction relief pursuant to Superior Court
Criminal Rule 61. The Delaware Superior Court denied

post-conviction relief on January 7, 2002, and the Superior
Court's denial was affirmed on appeal. *Gibbs v. State,* 804
A.2d 1066 (Del.2002).

## III. DISCUSSION

Petitioner's *pro se* Petition for federal habeas relief and his
supporting Memorandum assert the following nine
ineffective assistance of counsel claims: (1) trial counsel did
not investigate and review all relevant discoverable
documents and failed to inform Petitioner about the legality
of the State's DNA evidence; (2) trial counsel failed to
conduct an independent DNA analysis and failed to hire an
expert to review the victim's medical record; (3) trial
counsel failed to research the law in support of an
affirmative defense of consensual intercourse; (4) trial
counsel improperly relied on an instruction of "voluntary
social companion" status of the alleged victim to support an
affirmative defense of consensual intercourse; (5) trial
counsel misinterpreted Delaware's Rape Shield Laws, and as
a result, he failed to investigate the victim's background of
prior sexual history before trial; (6) trial counsel failed to
object to the State's introduction and reliance on
inadmissible photographic blood evidence from improper
testimony of police officer; (7) trial counsel failed to
cross-examine the police officer about the authenticity of
photographic blood evidence; (8) trial counsel failed to
object to the State's introduction of hearsay testimony from
police party who testified in third party narrative; and (9)
trial counsel failed to impeach any state witness' credibility
on cross-examination. (D.I. 2; D.I. 3.) Petitioner also asserts
that the Superior Court unreasonably summarily denied his
Rule 61 motion without an evidentiary hearing. (D.I. 3 at
J,K.)

On December 18, 2003, Petitioner filed a "Motion to
Amend Habeas [Petition]," asking this Court to apply the
"[a]ctual innocence, or miscarriage of justice, exception to
any and all barred claims" in his Petition. (D.I.18.) The
Court granted this amendment. (D.I.27.)

*2 In their Answer, Respondents contend that the entire
petition is time-barred and ask the Court to dismiss the
petition as untimely. (D.I.16.) Petitioner filed a Reply,
asking the Court to view his trial counsel's alleged

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                      Page 2
Not Reported in F.Supp.2d, 2004 WL 1376588
**(Cite as: Not Reported in F.Supp.2d)**

ineffective assistance as "good cause" to excuse his late filing. (D.I.23.) Petitioner's habeas petition is now ripe for review.

### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners. 28 U.S.C. § 2244(d)(1). The one-year limitations period begins to run from the latest of:

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner does not allege, nor can the court discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). As such, the one-year period of limitations began to run when petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), when a state prisoner appeals a state court judgment, the state court criminal judgment becomes "final," and the statute of limitations begins to run, "at the conclusion of review in the United States Supreme Court or when the [90-day] time [period] for seeking certiorari review expires." *See Kapral v. United States,* 166 F.3d 565, 575, 578 (3d Cir.1999) ; *Jones v. Morton,* 195 F.3d 153, 158 (3d Cir.1999). In the present case, the Delaware Supreme Court affirmed Petitioner's conviction and sentence on November 19, 1998. Consequently, Petitioner's conviction became final on February 17, 1999.

Thus, pursuant to AEDPA's one-year limitations period, Petitioner needed to file his § 2254 Petition no later than February 17, 2000.

Petitioner's § 2254 Petition is dated July 8, 2003, and it was received by the Court on July 10, 2003. A *pro se* prisoner's habeas petition is deemed filed on the date he delivers it to prison officials for mailing to the district court. Therefore, the Court adopts July 8, 2003 as the filing date. *See Longenette v. Krusing,* 322 F.3d 758, 761 (3d Cir.2003) (the date on which a prisoner transmitted documents to prison authorities is to be considered the actual filing date); *Woods v. Kearney,* 215 F.Supp.2d 458, 460 (D.Del.2002).

**\*3** Even with July 8, 2003 as the filing date, Petitioner filed his Petition more than 3 years too late. As such, his habeas Petition is time-barred and should be dismissed, unless the limitations period can be statutorily or equitably tolled. *See Jones v. Morton,* 195 F.3d 153, 158 (3d Cir.1999). The Court will discuss each doctrine in turn.

### B. Statutory Tolling

Section 2244(d)(2) of the AEDPA specifically permits the statutory tolling of the one-year period of limitations:

   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending should not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). The Third Circuit views a properly filed application for state post-conviction review as "one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." *Lovasz v. Vaughn,* 134 F.3d 146, 148 (3d Cir.1998). However, a properly filed state post-conviction motion will only toll the federal habeas limitations period if the post-conviction motion itself is filed within the federal one-year filing period. *See Price v. Taylor,* 2002 WL 31107363, at \*2 (D.Del. Sept. 23, 2002).

Here, when Petitioner filed his state post-conviction motion, 217 days of AEDPA's limitations period had already expired. Petitioner's Rule 61 motion tolled AEDPA's limitations period until August 28, 2002, the date on which



Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 1376588
**(Cite as: Not Reported in F.Supp.2d)**

Page 3

the Delaware Supreme Court affirmed the Superior Court's denial of the Rule 61 motion. *See Swartz v. Meyers,* 204 F.3d 417, 421-22 & n. 5 (3d Cir.2000). When AEDPA's limitations period began to run again on August 29, 2002, only 148 days were left in the one-year filing period. Consequently, Petitioner had to file his federal habeas Petition by January 24, 2003 to be timely. Petitioner, however, did not file his Petition until July 8, 2003. As such, the doctrine of statutory tolling does not render the Petition timely.

### C. Equitable Tolling

A court, in its discretion, may equitably toll the one-year filing period when "the petitioner has in some extraordinary way ... been prevented from asserting his or her rights." *Miller v. New Jersey State Dep't of Corrs.,* 145 F.3d 616 (3d Cir.1998) (internal citations omitted). In general, federal courts invoke the doctrine of equitable tolling "only sparingly." *See United States v. Midgley,* 142 F.3d 174, 179 (3d Cir.1998). The Third Circuit permits equitable tolling for habeas petitions in only four narrow circumstances:

(1) where the defendant actively misled the plaintiff;

(2) where the plaintiff was in some extraordinary way prevented from asserting his rights;

(3) where the plaintiff timely asserted his rights mistakenly in the wrong forum; or

(4) where [in a Title VII action] the claimant received inadequate notice of his right to file suit, a motion for appointment of counsel is pending, or the court misled the plaintiff into believing that he had done everything required of him.

*4 *Jones v. Morton,* 195 F.3d 153, 159 (3d Cir.1999).

Generally, "a statute of limitations should be tolled only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." *Id.* (quoting *Midgley,* 142 F.3d at 179). In order to trigger equitable tolling, the petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims"; mere excusable neglect is insufficient. *Miller,* 145 F.3d at 618-19 (citations omitted).

Petitioner asserts his trial counsel's allegedly ineffective assistance as a reason to equitably toll the one-year

limitations period. (D.I.23.) Specifically, Petitioner argues that trial counsel informed him that he had "3 years to file a Rule 61 motion, then file Habeas among other options." *Id.*

As an initial matter, Petitioner's trial counsel correctly informed Petitioner that he had 3 years to file a state post-conviction motion under the state criminal procedural rules. *See* Del.Super. Ct.Crim. R. 61(i)(1). Even if trial counsel erroneously told Petitioner that AEDPA's statute of limitations would not begin until after the 3 year limitations period for Rule 61 motions had expired, this mistake does not warrant equitably tolling. It is well-settled that inadequate research, attorney error, miscalculation, or other mistakes do not qualify as "extraordinary circumstances" sufficient to trigger equitable tolling. *Fahy v. Horn,* 240 F.3d 239, 244 (3d Cir.2001). Additionally, if Petitioner misinterpreted trial counsel's statement, his failure to independently investigate AEDPA's limitations period constitutes excusable neglect insufficient to warrant equitable tolling.

Finally, Petitioner appears to assert his actual innocence as a reason for equitably tolling the one-year limitations period. (D.I.18.) However, neither the Third Circuit Court of Appeals, nor the United States Supreme Court, has addressed whether a petitioner's "actual innocence" qualifies as an exception to AEDPA's statute of limitations. *Morales v. Carroll,* 2004 WL 1043723, at *3 (D.Del. Apr. 28, 2004) ; *Devine v. Diguglielmo,* 2004 WL 945156, at *3 & n .4 (E.D.Pa. Apr. 30, 2004) (collecting cases). Even if, arguendo, such an exception did exist, Petitioner's short conclusory request that he "would like the court to apply the actual innocence ... exception to all barred claims" does not persuade the court that he is actually innocent. *See Morales,* 2004 WL 1043723, at *3 (discussing how a petitioner proves actual innocence). Accordingly, the Court concludes that the doctrine of equitable tolling is not available to Petitioner on the facts he has presented. Petitioner's § 2254 Petition will be dismissed as untimely.

### IV. CERTIFICATE OF APPEALABILITY

Finally, the court must decide whether to issue a certificate of appealabilty. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability may only be issued when

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d                                                                          Page 4
Not Reported in F.Supp.2d, 2004 WL 1376588
**(Cite as: Not Reported in F.Supp.2d)**

a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2) ; *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

**\*5** When a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

The Court concludes that Petitioner's habeas Petition must be dismissed as untimely. Reasonable jurists would not find this conclusion to be unreasonable. Consequently, the Court declines to issue a certificate of appealability.

### VI. CONCLUSION

For the reasons stated, Petitioner's Petition For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 is denied. An appropriate Order shall issue.

### ORDER

At Wilmington, this 17th day of June, 2004, consistent with the Memorandum Opinion issued this same day;

IT IS HEREBY ORDERED that:

1. Petitioner Otto Gibbs' Petition For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 is DISMISSED, and the relief requested therein is DENIED. (D.I. 2; D.I. 3.)

2. The Court declines to issue a certificate of appealability for failure to satisfy the standard set forth in 28 U.S.C. § 2253(c)(2).

D.Del.,2004.
Gibbs v. Carroll
Not Reported in F.Supp.2d, 2004 WL 1376588

Briefs and Other Related Documents (Back to top)

• 1:03CV00634 (Docket) (Jul. 10, 2003)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d                                                Page 1
Not Reported in F.Supp.2d, 2004 WL 1368845
**(Cite as: Not Reported in F.Supp.2d)**

Not Reported in F.Supp.2d, 2004 WL 1368845
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Harry L. SAMUEL, Petitioner,
v.
Thomas CARROLL, Warden, and M. Jane Brady, Attorney
General of the State of Delaware, Respondents.
**No. Civ.A.03-487-SLR.**

June 9, 2004.

Harry L. Samuel, petitioner, pro se.
Loren C. Meyers , Chief of Appeals Division, Delaware
Department of Justice, Wilmington, Delaware, for
respondents.

MEMORANDUM OPINION

ROBINSON, Chief J.

I. INTRODUCTION

**\*1** Petitioner Harry L. Samuel is a Delaware inmate in
custody at the Delaware Correctional Center in Smyrna,
Delaware. Currently before the court is petitioner's
application for a writ of habeas corpus pursuant to 28
U.S.C. § 2254. (D.I.2) For the reasons that follow, the court
concludes that his application is time-barred by the one-year
period of limitations prescribed in 28 U.S.C. § 2244(d)(1).
Accordingly, the court will dismiss the application as
untimely.

II. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner attacked two counselors at the Plummer House
Work Release Center in Wilmington, Delaware. A grand
jury indictment charged him with attempted murder, second
degree assault, two counts of assault in a detention facility,
and four counts of possession of a deadly weapon during the
commission of a felony. Thereafter, in October 1994, a
Delaware Superior Court jury found petitioner not guilty of
attempted murder, but guilty of the lesser included offense
of first degree assault. The jury also convicted him of the
remaining charges. *See Samuel v. State,* 676 A.2d 906, * *1

(Del.1996).

On direct appeal, the Delaware Supreme Court ordered the
two assault convictions to be merged with the two counts of
assault in a detention facility and remanded the case for
re-sentencing. *Id.* Petitioner was re-sentenced on May 31,
1996 to a total of 98 years incarceration. *See Samuel v.
State,* 694 A.2d 48 (Del.1997). These sentences were
affirmed on appeal. *Id.* at * *2.

On November 19, 2001, petitioner applied to the Delaware
Superior Court for a copy of the trial transcript. This request
was denied, and petitioner's ensuing appeal was dismissed
for lack of jurisdiction. *Samuel v. State,* 788 A.2d 132
(Del.2001)

On April 28, 2003, the United States Supreme Court denied
petitioner's application for a writ of certiorari seeking
review of his sentences. *Samuel v. Delaware,* 538 U.S. 1004
(2003). Thereafter, on August 11, 2003, petitioner moved
for a reduction of sentence in the Delaware Superior Court.
The Superior Court denied the motion on September 11,
2003, and petitioner did not appeal. (D.I. 13, at ¶ 2)

III. DISCUSSION

Presently before the court is petitioner's *pro se* application
for federal habeas relief. (D.I.2) He asserts three habeas
claims: (1) the 1996 re-sentencing court erred in denying his
request for a continuance to obtain a psychiatric evaluation;
(2) the judge who re-sentenced him had a closed mind and
relied on impermissible factors in imposing the sentences;
and (3) the weapons offenses related to the assault
convictions should have been vacated because the assault
convictions were merged with the assault in a detention
facility convictions. (D.I.2)

Respondents contend that the entire petition is time-barred
and ask the court to dismiss the petition as untimely.
(D.I.13) Petitioner's habeas petition is now ready for review.

A. One-Year Statute of Limitations

**\*2** The Antiterrorism and Effective Death Penalty Act of
1996 ("AEDPA") prescribes a one-year period of limitations
for the filing of habeas petitions by state prisoners. 28

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Page 2

U.S.C. § 2244(d)(1). The one-year limitations period begins to run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner does not allege, nor can the court discern, any facts triggering the application of § 2244(d)(1)(B),(C), or (D). As such, the one-year period of limitations began to run when petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), when a state prisoner appeals a state court judgment, the state court criminal judgment becomes "final," and the statute of limitations begins to run, "at the conclusion of review in the United States Supreme Court or when the [90-day time-period] for seeking certiorari review expires." *See Kapral v. United States,* 166 F.3d 565, 575 (3d Cir.1999) ; *Jones v. Morton,* 195 F.3d 153, 157 (3d Cir.1999). In the present case, the Delaware Supreme Court affirmed petitioner's conviction on April 16, 1997. *Samuel v. State,* 694 A.2d 48 (Del.1997). Consequently, petitioner's conviction became final for the purposes of § 2244(d)(1) only July 15, 1997. Thus, to timely seek habeas relief with this court, petitioner needed to file his § 2254 habeas application no later than July 15, 1998

A *pro se* prisoner's habeas application is deemed filed on the date he delivers it to prison officials for mailing to the district court. *See Longenette v. Krusing,* 322 F.3d 758, 761 (3d Cir.2003). Petitioner's habeas application is dated May 17, 2003. Therefore, the court adopts May 17, 2003 as the

presumptive filing date. *See Woods v. Kearney,* 215 F.Supp.2d 458, 460 (D.Del.2002).

With May 17, 2003 as the filing date, petitioner filed his application almost five years too late. As such, his habeas application is time-barred and should be dismissed, unless the time period can be statutorily or equitably tolled. *See Jones,* 195 F.3d at 158. The court will discuss each doctrine in turn.

### B. Statutory Tolling

Section 2244(d)(2) of the AEDPA specifically permits the statutory tolling of the one-year period of limitations:

*3 The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending should not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). The Third Circuit views a properly filed application for state post-conviction review as "one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." *Lovasz v. Vaughn,* 134 F.3d 146, 148 (3d Cir.1998). However, even if a state post-conviction motion is properly filed under state procedural rules, it will not toll or revive the federal habeas limitations period if the post-conviction motion itself is not filed within the federal one-year filing period. *See Price v. Taylor,* 2002 WL 31107363, at *2 (D.Del. Sept. 23, 2002).

Here, when petitioner filed his motion for sentence reduction on August 11, 2003, the one-year federal habeas limitations period had already expired on July 15, 1998. As such, this motion does not toll, or revive, the federal habeas limitations period. [FN1] *See Lawrence v. Carroll,* 2003 WL 21402509, at *2 (D. Del. June 10, 2003). Thus, petitioner's habeas application is time-barred unless the one-year time period is equitably tolled.

> FN1. Moreover, the Delaware Superior Court denied the motion for sentence reduction as untimely. Consequently, it was not "properly filed" for purposes of § 2244(d)(2) and could not trigger the statutory tolling doctrine. *See, e.g., Wilmer v.*

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 1368845
**(Cite as: Not Reported in F.Supp.2d)**

*Carroll,* 2003 WL 21146750, at *3-4 (D.Del. May 16, 2003).

### C. Equitable Tolling

A court, in its discretion, may equitably toll the one-year filing period when "the petitioner has in some extraordinary way ... been prevented from asserting his or her rights." *Miller v. New Jersey State Dep't of Corrs.,* 145 F.3d 616 (3d Cir.1998) (internal citations omitted). Federal courts invoke the doctrine of equitable tolling "only sparingly," *see United States v. Midgley,* 142 F.3d 174, 179 (3d Cir.1998), and the Third Circuit permits equitable tolling for habeas applications in only four narrow circumstances:

(1) where the defendant actively misled the plaintiff;

(2) where the plaintiff was in some extraordinary way prevented from asserting his rights;

(3) where the plaintiff timely asserted his rights mistakenly in the wrong forum; or

(4) where [in a Title VII action] the claimant received inadequate notice of his right to file suit, a motion for appointment of counsel is pending, or the court misled the plaintiff into believing that he had done everything required of him.

*Jones,* 195 F.3d at 159.

In order to trigger equitable tolling, the petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims"; mere excusable neglect is insufficient. *Miller,* 145 F.3d at 618-19 (citations omitted). Basically, "a statute of limitations should be tolled only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." *Jones,* 195 F.3d at 159.

Petitioner has not alleged, and the court cannot discern, any "extraordinary circumstances" that warrant equitably tolling the one-year limitations period. To the extent petitioner made a mistake or miscalculation regarding the one-year filing period, such mistakes do not justify equitable tolling. *See Simpson v. Snyder,* 2002 WL 1000094, at *3 (D.Del. May 14, 2002). Accordingly, the court concludes that the doctrine of equitable tolling is not available to petitioner on the facts he has presented and, therefore, his § 2254 application will be dismissed as untimely.

### IV. CERTIFICATE OF APPEALABILITY

*4 Finally, the court must decide whether to issue a certificate of appealabilty. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability may only be issued when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2) ; *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

When a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the application states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

The court concludes that petitioner's habeas application must be dismissed as untimely. Reasonable jurists would not find this conclusion to be unreasonable. Consequently, the court declines to issue a certificate of appealability.

### V. CONCLUSION

For the reasons stated, petitioner's application for habeas relief pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.

D.Del.,2004.
Samuel v. Carroll
Not Reported in F.Supp.2d, 2004 WL 1368845

Briefs and Other Related Documents (Back to top)

• 1:03CV00487 (Docket) (May. 20, 2003)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 1043723
**(Cite as: Not Reported in F.Supp.2d)**

Page 1

Not Reported in F.Supp.2d, 2004 WL 1043723
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Luis MORALES, Petitioner,
v.
Thomas CARROLL, Warden, and M. Jane Brady, Attorney
General of the State of Delaware, Respondents.
**No. 03-220-JJF.**

April 28, 2004.

Luis Morales, Petitioner, pro se.
Thomas E. Brown , Deputy Attorney General of the State of
Delaware Department of Justice, Wilmington, Delaware, for
Respondents.

*MEMORANDUM OPINION*

FARNAN, J.

*1 Presently before the Court is a Petition Under 28 U.S.C.
§ 2254 for Writ of Habeas Corpus by a Person in State
Custody (D.I.1) filed by Petitioner, Luis Morales. For the
reasons set forth below, the Court will dismiss the Petition
as time-barred by the one-year period of limitation
prescribed in 28 U.S.C. § 2244(d)(1).

BACKGROUND

In January 1996, Petitioner was convicted by a jury in the
Delaware Superior Court of delivery of heroin, possession
with intent to deliver heroin, maintaining a dwelling,
possession of a hypodermic needle and syringe, and
conspiracy. The Delaware Superior Court concluded that
Petitioner was a habitual offender and sentenced him to life
in prison. On direct appeal, the Delaware Supreme Court
affirmed the conviction, but reversed the superior court's
determination that Petitioner was a habitual offender.
*Morales v. State,* 696 A.2d 390 (Del.1997) (*"Morales I"* ).

Petitioner was resentenced on October 3, 1997. Petitioner
did not appeal his new sentence. On October 10, 2000,
Petitioner filed a motion for state post-conviction relief,
which the Delaware Superior Court denied as time-barred
under the three-year limitations period set forth in Delaware

Criminal Rule 61(i)(1). *State v. Morales,* 2001 WL 1486169
(Del.Super.Ct. Oct. 31, 2001) (*"Morales II"* ). On appeal, the
Delaware Supreme Court affirmed the decision of the
Delaware Superior Court. *Morales v. State,* 2002 WL
272307 (Del. Feb. 22, 2002) (*"Morales III"* ).

By his federal habeas Petition, Petitioner raises three claims
for relief: (1) counsel provided ineffective assistance by
failing to obtain an interpreter for Petitioner during trial; (2)
the police conducted an illegal search; and (3) Petitioner's
due process rights were violated because he was precluded
from presenting a mistaken identity defense. In their
Answer Brief, Respondents contend that the Petition is
time-barred under 28 U.S.C. § 2244(d), or in the alternative,
Petitioner's claims are procedurally barred.

DISCUSSION

I. One-Year Period of Limitation

In the Antiterrorism and Effective Death Penalty Act of
1996 ("AEDPA"), Congress amended the federal habeas
statute by prescribing a one-year period of limitation for the
filing of habeas petitions by state prisoners. *Stokes v.
District Attorney of County of Philadelphia,* 247 F.3d 539,
541 (3d Cir.), *cert. denied,* 122 S.Ct. 364 (2001). In
pertinent part, the AEDPA provides:

(1) A 1-year period of limitation shall apply to an
application for a writ of habeas corpus by a person in
custody pursuant to the judgment of a State court. The
limitation period shall run from the latest of -

(A) the date on which the judgment became final by the
conclusion of direct review or the expiration of the time
for seeking such review ...

28 U.S.C. § 2244(d)(1).

Petitioner was resentenced on October 3, 1997. Petitioner
did not file a direct appeal of his newly imposed sentence.
Thus, the limitation period began to run upon the expiration
of the time for filing such an appeal. *See Nara v. Frank,* 264
F.3d 310, 314 (3d Cir.2001) (stating that where petitioner
did not file a direct appeal, his conviction became final
when the time for filing a direct appeal expired); *Kapral v.
United States,* 166 F.3d 565, 576 (3d Cir.1999) (stating that
the limitation period begins to run at the expiration of the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d                                                                                    Page 2
Not Reported in F.Supp.2d, 2004 WL 1043723
(Cite as: Not Reported in F.Supp.2d)

time for filing a direct appeal if none is filed). Pursuant to 10 Del. C. § 147, Petitioner had thirty days in which to file his direct appeal or until November 2, 1997. *See also* Del.Supr. Ct. R. 6(a)(ii). Applying the one-year limitation period to this date, Petitioner was required to file his federal habeas petition on or before November 2, 1998.

*2 A petition is deemed filed on the date it is delivered to prison officials for mailing to the court. *Burns v. Morton,* 134 F.3d 109, 113 (3d Cir.1998). Petitioner does not indicate the date on which the Petition was delivered to prison authorities for mailing. However, absent proof of mailing, this Court has held that the date of the signatures within the petition is the date on which the petition is deemed filed. *See Johnson v. Brewington-Carr,* Civ. Act. No. 99-181-JJF, mem. op. at 4 (D.Del. Feb. 22, 2000).

In this case, the Petition is dated February 5, 2003, which is well past the November 1998 filing deadline. Accordingly, the Court concludes that the Petition is time-barred under Section 2244(d), unless the limitation period has been statutorily or equitably tolled. *See Jones v. Morton,* 195 F.3d 153, 158 (3d Cir.1999).

### II. Statutory Tolling

The AEDPA provides for statutory tolling of the one-year period of limitation as follows:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

In this case, Petitioner filed a motion for post-conviction relief in the Delaware Superior Court on October 10, 2000, nearly two years after the filing deadline for his federal habeas petition. Because the federal limitation period had already expired, it could not be tolled by the filing of Petitioner's post-conviction motion. *Downs v. Carroll,* 2003 WL 716597, *1 (D.Del. Feb. 25, 2003) (collecting cases); *Whalen v. Kearney,* Civ. Act. No. 99-654-JJF, mem. op. at 5-6 (D.Del. Sept. 29, 2000). Accordingly, the Court concludes that the statutory tolling provision cannot render

the Petition timely filed.

### III. Equitable Tolling

Additionally, the one-year period of limitation may be equitably tolled. *Fahy v. Horn,* 240 F.3d 239, 244 (3d Cir.), *cert. denied,* 122 S.Ct. 323 (2001) ; *Jones,* 195 F.3d at 159; *Miller v. New Jersey State Dep't of Corr.,* 145 F.3d 616, 618 (3d Cir.1998). Equitable tolling applies:

> only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing [the] claims. Mere excusable neglect is not sufficient.

*Miller,* 145 F.3d at 618-19 (citations omitted). In other words, equitable tolling "may be appropriate if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." *Jones,* 195 F.3d at 159 (quoting *United States v.. Midgley,* 142 F.3d 174, 179 (3d Cir.1998)).

*3 In the instant case, Petitioner fails to allege any extraordinary circumstances giving rise to equitable tolling. Petitioner suggests that he has difficulty communicating in English and received poor advice from "jail-house lawyers," and therefore, his Petition should be tolled. However, courts have recognized that the lack of proficiency in English and the lack of sound advice from others in prison are insufficient reasons to equitably toll the one-year limitation period. *See e.g. Tan v. Bennett,* 2001 WL 823869, *2 (S.D.N.Y. July 20, 2001) (collecting cases); *Chan v. United States,* 2000 WL 1843290, *2 (E.D.N.Y. Oct. 25, 2000) ; *Martinez v. Kuhlman,* 1999 WL 1565177, *2,5 (S.D.N.Y. Dec. 3, 1999) ; *Nguyen v. Mervau,* 1998 WL 556628, *2 (N.D.Cal. Aug. 24, 1998).

In addition, Petitioner alleges in a Reply To State's Answer that he is actually innocent of the crimes for which he was convicted. It appears to the Court that neither the United States Supreme Court nor Third Circuit have ruled on the question of whether actual innocence can equitably toll the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 1043723
**(Cite as: Not Reported in F.Supp.2d)**

Page 3

one-year limitation period. However, even assuming actual innocence can toll the limitation period, the Court would conclude that Petitioner has not established a sufficient basis to support his claim of actual innocence. To succeed on a claim of actual innocence, the petitioner must demonstrate, in light of all the evidence, that it is more likely than not that no reasonable juror would have convicted him. *Schlup v. Delo,* 513 U.S. 298, 327-328 (1995). Petitioner contends that because of his problems speaking English, his lawyer did not understand his contention that he was the victim of mistaken identity. Petitioner contends that he and his brother resemble each other, and that his brother was actually responsible for the crimes for which Petitioner was convicted. Petitioner's claim, however, is untenable in light of the evidence adduced at trial. The drug transaction forming the basis of Petitioner's convictions involved the purchase of drugs by an undercover officer. (Petitioner's Appendix in *Morales III,* No. 233, 1996 (Del.1997) ( "Petitioner's App.") at A-5-9). The officer purchased three bags of heroin for forty dollars, and the money used by the officer was marked. Shortly after the transaction, the officer observed Petitioner leaving the residence from where the drugs were purchased. Petitioner was stopped by a patrol car, and one of the marked bills was found in Petitioner's possession. (Petitioner's App. at A-12-24). Petitioner was identified by the officer involved in the purchase transaction as the individual from whom the officer purchased the drugs, and evidence was also presented that Petitioner admitted to using drugs and selling to support his habit. (State's Appendix in *Morales III,* No. 233, 1996 at B-1). In these circumstances, the Court cannot conclude that the alleged resemblance between Petitioner and his brother would have made it more likely than not that no reasonable juror would have found Petitioner guilty beyond a reasonable doubt. Accordingly, Petitioner has failed to demonstrate that equitable tolling is warranted, and therefore, the Court will dismiss the Petition as time-barred.

### IV. Certificate of Appealability

**\*4** The Court must next determine whether a certificate of appealability should issue. *See* Third Circuit Local Appellate Rule 22.2. The Court may issue a certificate of appealability only if Petitioner "has made a substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that reasonable jurists would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons discussed above, the Court has concluded that the Petition is barred by the one-year period of limitation. The Court is convinced that reasonable jurists would not debate otherwise. Because the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability.

### CONCLUSION

For the reasons discussed, the Court will dismiss the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Petitioner, Luis Morales, and deny the Writ of Habeas Corpus sought by Petitioner. In addition, the Court will not issue a certificate of appealability.

An appropriate Order will be entered.

### ORDER

At Wilmington, this *28* day of April 2004, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that:

1. The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (D.I.1) filed by Petitioner, Luis Morales, is DISMISSED and the Writ Of Habeas Corpus is DENIED.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d                                                                      Page 4
Not Reported in F.Supp.2d, 2004 WL 1043723
**(Cite as: Not Reported in F.Supp.2d)**

2. The Court declines to issue a certificate of appealability
for failure to satisfy the standard under 28 U.S.C. §
2253(c)(2).

D.Del.,2004.
Morales v. Carroll
Not Reported in F.Supp.2d, 2004 WL 1043723

Briefs and Other Related Documents (Back to top)

• 1:03CV00220 (Docket) (Feb. 24, 2003)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 21402509 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Page 1

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Derick LAWRENCE, Petitioner,
v.
Thomas L. CARROLL, Warden, and M. Jane Brady,
Attorney General, Respondents.
**No. Civ.A. 03-064-JJF.**

June 10, 2003.

Derick Lawrence, Petitioner, pro se.
Loren C. Meyers, Chief of Appeals Division of the
Delaware Department of Justice, Wilmington, Delaware, for
Respondent.

MEMORANDUM OPINION

FARNAN, J.

*1 Pending before the Court is Derick Lawrence's Petition
Under 28 U . S.C. § 2254 for a Writ of Habeas Corpus by a
Person in State Custody (D.I.2). [FN1] For the reasons set
forth below, the Petition will be denied.

> FN1. Also pending before the Court is Derick
> Lawrence's Motion for Appointment of Counsel
> (D.I.4), which will be denied as moot based on the
> denial of Mr. Lawrence's Petition.

I. BACKGROUND

In February 1998, a Delaware Superior Court jury convicted
Derick Lawrence of first degree robbery. The Delaware
Supreme Court affirmed Mr. Lawrence's conviction on
direct appeal. *Lawrence v. State,* No. 204, 1998 (Del. May
21, 1999). In February 2001, Mr. Lawrence moved for
post-conviction relief under Superior Court Criminal Rule
61. The Delaware Superior Court denied the Rule 61 motion
in August 2001, and the Delaware Supreme Court affirmed
that decision in January 2002. *Lawrence v. State,* No. 440,
2001 (Del. Jan. 18, 2002). Mr. Lawrence filed the instant
petition for federal habeas relief on January 15, 2003,
making the same claims he made in his Rule 61 motion.

II. DISCUSSION

A. *One-Year Period of Limitation*

28 U.S.C. § 2244(d) provides:
(1) A 1-year period of limitation shall apply to an
application for a writ of habeas corpus by a person in
custody pursuant to the judgment of a State court. The
limitation period shall run from the latest of-(A) the date on
which the judgment became final by the conclusion of direct
review or the expiration of the time for seeking such
review....

28 U.S.C. § 2244(d). Mr. Lawrence's conviction became
final when the 90 day period in which he could have applied
for a writ of certiorari from the United States Supreme
Court expired. *Kapral v. United States,* 166 F.3d 565, 575
(3d Cir.1999) ("a state court criminal judgment is 'final'
(for purposes of collateral attack) at the conclusion of
review in the United States Supreme Court or when the time
for seeking certiorari review expires."). Mr. Lawrence had
90 days from May 21, 1999, the date on which the Delaware
Supreme Court affirmed his conviction on direct appeal, to
apply for a writ of certiorari from the United States Supreme
Court. U.S.Supr. Ct. R. 13.1. That 90 day period ended on
August 19, 1999. Thus, under Section 2244(d), Mr.
Lawrence had until August 19, 2000, to file his federal
habeas petition.

A pro se prisoner's habeas petition is deemed filed on the
date he delivers it to prison officials for mailing to the
district court. Mr. Lawrence's Petition is dated January 15,
2003 (D.I. 2 at 7), and in the absence of proof respecting the
date of delivery, that date is the presumptive date the
Petition was delivered to prison officials for mailing. *Woods
v. Kearney,* 215 F.Supp.2d 458, 460 (D.Del.2002). Thus, the
Court finds that Mr. Lawrence's Petition was filed on
January 15, 2003.

Because Mr. Lawrence's Petition was not filed until January
15, 2003, and because, under Section 2244(d), Mr.
Lawrence's petition had to be filed by August 19, 2000, the
Court concludes that Mr. Lawrence's Petition is untimely.

B. *Statutory Tolling*

The one-year period of limitation may be statutorily tolled

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d                                                                                                          Page 2
Not Reported in F.Supp.2d, 2003 WL 21402509 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

as follows: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

**\*2** Mr. Lawrence filed a motion for post-conviction relief in February 2001; however, the one year period of limitation had been expired for nearly six months at that point. Consequently, the Court concludes that Mr. Lawrence's motion for post-conviction relief did not toll the one year period of limitation under Section 2244(d)(2). *Fisher v. Gibson,* 262 F.3d 1135, 1142-43 (10th Cir.2001) (holding that application for post-conviction relief filed after the expiration of the one-year period has no tolling effect).

### C. *Equitable Tolling*

The one-year period of limitation may also be equitably tolled. *Miller v. New Jersey State Dep't of Corr.,* 145 F.3d 616, 618 (3d Cir.1998). Equitable tolling applies:
only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient.

*Id.* at 618-19 (citations omitted). In other words, equitable tolling "may be appropriate if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." *Jones v. Morton,* 195 F.3d 153, 158 (3d Cir.1999).

Mr. Lawrence contends that the Court should equitably toll the one-year period of limitation because (1) he did not learn that his direct appeal was denied until July 2000, (2) he had limited access to the law library from June 1998 until January 2001, and (3) despite his limited legal knowledge, he was diligent in preparing and filing his Rule 61 motion. (D.I. 17 at 2-3). In response, the Respondents contend that none of the reasons advanced by Mr. Lawrence rise to the

level necessary to invoke the equitable tolling doctrine. Specifically, the Respondents contend that any mistake or miscalculation by Mr. Lawrence does not warrant equitable tolling.

"In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *Fahy v. Horn,* 240 F.3d 239, 244 (3d Cir.2001). In this case, Mr. Lawrence's reasons for not timely filing his Petition are attributable, in the Court's view, to neglect, mistake, or inadequate legal knowledge. After reviewing the entire record, the Court concludes that there are no extraordinary circumstances in this case that merit application of the equitable tolling doctrine.

Because Mr. Lawrence's Petition is untimely under Section 2244(d) and because the one-year period of limitation is not subject to statutory or equitable tolling, the Court will deny the Petition.

### IV. *Certificate of Appealability*

**\*3** The court may issue a certificate of appealability ("COA") only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).
When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel,* 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further ." *Id.*

In the instant case, the Court has concluded that Mr. Lawrence's Petition is barred by the one-year period of

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 21402509 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Page 3

limitation and that the period should not be statutorily or equitably tolled. The Court is convinced that reasonable jurists would not find otherwise. Therefore, Mr. Lawrence has not made a substantial showing of the denial of a constitutional right, and a certificate of appealability will not be issued.

### III. CONCLUSION

For the reasons discussed, Derick Lawrence's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (D.I.2) will be denied.

An appropriate Order will be entered.

### ORDER

At Wilmington, this 10th day of June 2003, for the reasons set forth in the Memorandum Opinion issued this date,

IT IS HEREBY ORDERED that:

1. Derick Lawrence's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (D.I.2) is *DENIED;*

2. Because the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right under 28 U.S.C. § 2253(c)(2), a certificate of appealability is *DENIED;*

3. Derick Lawrence's Motion for Appointment of Counsel (D.I.4) is *DENIED* as moot.

D.Del.,2003.
Lawrence v. Carroll
Not Reported in F.Supp.2d, 2003 WL 21402509 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:03CV00064 (Docket) (Jan. 16, 2003)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d                                          Page 1
Not Reported in F.Supp.2d, 2004 WL 1151547 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Michael A. BENSON, Petitioner,
v.
Thomas CARROLL, Warden, and M. Jane Brady, Attorney
General of the State of Delaware, Respondents.
**No. Civ.A. 03-065-SLR.**

May 18, 2004.

Michael A. Benson, petitioner, pro se.
Elizabeth McFarlan, Deputy Attorney General, Delaware
Department of Justice, Wilmington, Delaware, for
respondents.

### MEMORANDUM OPINION

ROBINSON, Chief J.

#### I. INTRODUCTION

\*1 Petitioner Michael A. Benson is a Delaware inmate in
custody at the Delaware Correctional Center in Smyrna,
Delaware. Currently before the court is petitioner's
application for a writ of habeas corpus pursuant to 28
U.S.C. § 2254. (D.I.1) For the reasons that follow, the court
concludes that petitioner's application is time-barred by the
one-year period of limitations prescribed in 28 U .S.C. §
2244(d)(1). Accordingly, the court will dismiss the petition
as untimely.

#### II. FACTUAL AND PROCEDURAL BACKGROUND

In August 1998, petitioner was convicted by a Delaware
Superior Court jury of three counts of delivery of cocaine
(16 DEL. C. § 4751); two counts of possession with intent
to deliver cocaine (16 DEL. C. § 4755(a)(5)); trafficking in
cocaine (16 DEL. C. § 4753(a)(2)(a)); and possession of
drug paraphernalia (16 DEL. C. § 4771). On December 4,
1998, the Superior Court sentenced petitioner to a total of
seventy-eight (78) years imprisonment, seventy-five (75) of
which were mandatory at Level V. *See State v. Benson,*
2002 WL 537590 (Del.Super.Ct. Apr. 10, 2002).

Petitioner, represented by counsel, filed a timely notice of
appeal. Thereafter, petitioner's counsel filed a motion to
withdraw pursuant to Delaware Supreme Court Rule 26(c),
stating that he found no meritorious issues for appeal.
Although counsel informed petitioner by letter that he could
supplement his attorney's brief, petitioner failed to raise any
issues on appeal. The Delaware Supreme Court
subsequently affirmed petitioner's convictions on June 29,
1998. *See Benson v. State,* No. 521, 1998 (Del. June 29,
1998).

In April 2001, petitioner filed a motion for state
post-conviction relief pursuant to Superior Court Criminal
Rule 61 in the Delaware Superior Court. His Rule 61
motion alleged four claims: (1) ineffective assistance of
counsel; (2) the trial court never heard his motion to
suppress evidence; (3) there was insufficient evidence to
support his conviction; and (4) illegal sentencing. *State v.
Benson,* 2002 WL 537590 (Del.Super.Ct. Apr. 10, 2002).
The Superior Court denied the Rule 61 motion as
procedurally barred by Rule 61(i)(3) for failure to prove
cause and prejudice. *Id.* Petitioner filed a timely notice of
post-conviction appeal. However, the Delaware Supreme
Court dismissed the post-conviction appeal on July 11, 2002
because petitioner never filed an opening brief and
appendix. *Benson v. State,* 803 A.2d 427 (Del.2002).

#### III. DISCUSSION

Presently before the court is petitioner's *pro se* application
for federal habeas relief. (D.I.1) Petitioner asserts six habeas
claims: (1) after petitioner filed his Rule 61 motion, the
Superior Court did not require his trial attorney to
personally respond to his ineffective assistance of counsel
claim and did not hold an evidentiary hearing, thereby
denying him due process; (2) the Superior Court, in
dismissing his Rule 61 motion, erroneously found that
petitioner had not established cause for his failure to raise
the suppression of evidence claim on direct appeal; (3) the
evidence at trial was insufficient to support his conviction
due to his trial counsel's ineffectiveness; (4) he was denied
effective assistance of counsel at trial and on appeal; (5) his
conviction was based on an insufficient indictment, thereby
violating due process and double jeopardy; and (6) the
Superior Court's denial of his ineffective assistance of

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 1151547 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Page 2

counsel claim raised in his Rule 61 motion was contrary to *Strickland v. Washington,* 466 U.S. 668 (1988). (D.I.1)

**\*2** Respondent contends that the entire petition is time-barred and asks the court to dismiss the petition as untimely. FN1 (D.I. 8 at 3-5) Petitioner's habeas petition is now ripe for review.

> FN1. In the alternative, respondent also asks the court to dismiss the petition because petitioner procedurally defaulted his claims by failing to prosecute his appeal. (D.I. 8 at 5, citing *Gibbs v. Redman,* Civ. Act. No. 89-351-LON, Order at 4 (D.Del. Oct. 11, 1991)) The court, however, finds that petitioner's failure to comply with the one-year limitations period justifies dismissal of this petition.

### A. One-Year Statute of Limitation

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners. 28 U.S.C. § 2244(d)(1). The one-year limitations period begins to run from the latest of:
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner does not allege, nor can the court discern, any facts triggering the application of § 2244(d)(1)(B),(C), or (D). As such, the one-year period of limitations began to run

when petitioner's conviction became final under § 2244(d)(1)(A).

When a state prisoner appeals a state court judgment, the state court criminal judgment becomes "final," and the statute of limitations begins to run, "at the conclusion of review in the United States Supreme Court or when the time for seeking certiorari review expires." *See Kapral v. United States,* 166 F.3d 565, 575, 578 (3d Cir.1999); *Jones v. Morton,* 195 F.3d 153, 158 (3d Cir.1999). In the present case, the Delaware Supreme Court affirmed petitioner's conviction on June 29, 1999. *Benson v. State,* 734 A .2d 640 (Del.1999). Consequently, petitioner's conviction became final for the purposes of § 2244(d)(1) on September 29, 1999. Thus, to timely file a habeas petition with this court, petitioner needed to file his § 2254 petition no later than September 29, 2000.

Petitioner's habeas petition is dated January 7, 2003. A *pro se* prisoner's habeas petition is deemed filed on the date he delivers it to prison officials for mailing to the district court. Therefore, the court adopts January 7, 2003 as the presumptive filing date. *See Longenette v. Krusing,* 322 F.3d 758, 761 (3d Cir.2003) (the date on which a prisoner transmitted documents to prison authorities is to be considered the actual filing date); *Woods v. Kearney,* 215 F.Supp.2d 458, 460 (D.Del.2002).

With January 7, 2003 as the filing date, petitioner filed his petition approximately two and one-half years too late. As such, his habeas petition is time-barred and should be dismissed, unless the time period can be statutorily or equitably tolled. *See Jones v. Morton,* 195 F.3d 153, 158 (3d Cir.1999). The court will discuss each doctrine in turn.

### B. Statutory Tolling

**\*3** Section 2244(d)(2) of the AEDPA specifically permits the statutory tolling of the one-year period of limitations:
The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending should not be counted toward any period of limitation under this subsection.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 1151547 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

Page 3

28 U.S.C. § 2244(d)(2). The Third Circuit views a properly filed application for state post-conviction review as "one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." *Lovasz v. Vaughn,* 134 F.3d 146, 148 (3d Cir.1998). However, even if a state post-conviction motion is properly filed under state procedural rules, it will not toll or revive the federal habeas limitations period if the post-conviction motion itself is not filed within the federal one-year filing period. *See Price v. Taylor,* 2002 WL 31107363, at *2 (D.Del. Sept. 23, 2002).

Here, when petitioner filed his motion for state post-conviction relief in April 2001, the one-year federal habeas limitations period had already expired on September 29, 2000. As such, the Rule 61 motion did not toll the federal habeas limitations period. Thus, petitioner's habeas petition is time-barred unless the one-year time period is equitably tolled. *See Jones v. Morton,* 195 F.3d 153, 158 (3d Cir.1999).

C. Equitable Tolling

A court, in its discretion, may equitably toll the one-year filing period when "the petitioner has in some extraordinary way ... been prevented from asserting his or her rights." *Miller v. New Jersey State Dep't of Corrs.,* 145 F.3d 616 (3d Cir.1998)(internal citations omitted). In general, federal courts invoke the doctrine of equitable tolling "only sparingly." *See United States v. Midgley,* 142 F.3d 174, 179 (3d Cir.1998). The Third Circuit permits equitable tolling for habeas petitions in only four narrow circumstances:

(1) where the defendant actively misled the plaintiff;

(2) where the plaintiff was in some extraordinary way prevented from asserting his rights;

(3) where the plaintiff timely asserted his rights mistakenly in the wrong forum; or

(4) where [in a Title VII action] the claimant received inadequate notice of his right to file suit, a motion for appointment of counsel is pending, or the court misled the plaintiff into believing that he had done everything required of him.

*Jones v. Morton,* 195 F.3d 153, 159 (3d Cir.1999). Generally, "a statute of limitations should be tolled only in

the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." *Id.* (quoting *Midgley,* 142 F.3d at 179).

In order to trigger equitable tolling, the petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims"; mere excusable neglect is insufficient. *Miller,* 145 F.3d at 618-19 (citations omitted). For example, in non-capital cases, inadequate research, attorney error, miscalculation, or other mistakes do not qualify as "extraordinary circumstances" sufficient to trigger equitable tolling. *Fahy v. Horn,* 240 F.3d 239, 244 (3d Cir.2001).

*4 Petitioner has not alleged, and the court cannot discern, any "extraordinary circumstances" that warrant equitably tolling the one-year limitations period. To the extent petitioner made a mistake or miscalculation regarding the one-year filing period, such mistakes do not justify equitable tolling. *See Simpson v. Snyder,* Civ. Act. No. 00-737-GMS, 2002 WL 1000094, at *3 (D.Del. May 14, 2002). Accordingly, the court concludes that the doctrine of equitable tolling is not available to petitioner on the facts he has presented and, therefore, petitioner's § 2254 petition will be dismissed as untimely.

IV. CERTIFICATE OF APPEALABILITY

Finally, the court must decide whether to issue a certificate of appealability. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability may only be issued when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

When a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 1151547 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Page 4

district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

The court concludes that petitioner's habeas petition must be dismissed as untimely. Reasonable jurists would not find this conclusion to be unreasonable. Consequently, the court declines to issue a certificate of appealability.

### V. CONCLUSION

For the reasons stated, petitioner's application for habeas relief pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.

D.Del.,2004.
Benson v. Carroll
Not Reported in F.Supp.2d, 2004 WL 1151547 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:03CV00065 (Docket) (Jan. 16, 2003)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d                                                                    Page 1
Not Reported in F.Supp.2d, 2001 WL 1555239 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Only the Westlaw citation is currently available.
United States District Court, D. Delaware.
Kevin A. THOMAS, Petitioner,
v.
Robert W. SNYDER, Warden, and Attorney General of the
State of Delaware, Respondents.
**No. CIV.A. 98-597-GMS.**

Nov. 28, 2001.

MEMORANDUM AND ORDER

SLEET, District J.
*1 Kevin A. Thomas was convicted of first degree murder
and possession of a deadly weapon during the commission
of a felony. He is presently incarcerated in the Delaware
Correctional Center in Smyrna, Delaware, where he is
serving a sentence of life imprisonment. Thomas has filed
with this court a petition for a writ of habeas corpus
pursuant to 28 U.S.C. § 2254. As explained below, the court
will dismiss Thomas' petition as time barred by the one-year
period of limitation prescribed in 28 U.S.C. § 2244(d).

I. BACKGROUND

On June 28, 1993, following a jury trial in the Delaware
Superior Court, Kevin A. Thomas was convicted of first
degree murder and possession of a deadly weapon during
the commission of a felony. The evidence at trial
demonstrated that on September 13, 1992, Thomas shot
David Turner in the face and killed him. Thomas was
seventeen years old at the time. He was sentenced to life in
prison without parole on the murder conviction and to a
consecutive sentence of five years in prison on the weapons
conviction. The Delaware Supreme Court affirmed Thomas'
conviction and sentence on September 21, 1994.

On December 18, 1996, Thomas filed in state court a
motion for post-conviction relief pursuant to Rule 61 of the
Delaware Superior Court Criminal Rules. The trial court
summarily dismissed Thomas' Rule 61 motion on December
23, 1996. Thomas appealed to the Delaware Supreme Court.
His subsequent motion to withdraw the appeal was granted
on March 11, 1997. Thomas filed a second Rule 61 motion
for post-conviction relief on March 27, 1997, which was

summarily dismissed on May 9, 1997. Again, Thomas
appealed to the Delaware Supreme Court. The Court
affirmed the order of dismissal on November 24, 1997.

Thomas has now filed with this court the current petition for
a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his
petition Thomas articulates four separate grounds for relief:
(1) The searches of his residence and car were in violation
of the Fourth Amendment, and all evidence seized from
these searches should have been suppressed; (2) The trial
court erred in admitting identification testimony that was the
result of an impermissibly suggestive photographic
identification procedure; (3) The trial court violated his
constitutional right to due process by giving a supplemental
jury instruction pursuant to *Allen v. United States,* 164 U.S.
492 (1896); and (4) His constitutional rights were violated
when police questioned him without a parent or legal
guardian present. The respondents argue that the petition is
subject to a one-year period of limitation that expired before
Thomas filed it. Thus, they request that the court dismiss the
petition as time barred.

II. DISCUSSION

A. One-Year Period of Limitation

In the Antiterrorism and Effective Death Penalty Act of
1996 ("AEDPA"), Congress amended the federal habeas
statute by prescribing a one-year period of limitation for the
filing of § 2254 habeas petitions by state prisoners. *Stokes v.
District Attorney of the County of Philadelphia,* 247 F.3d
539, 541 (3d Cir.2001). Effective April 24, 1996, the
AEDPA provides:
*2 (1) A 1-year period of limitation shall apply to an
application for a writ of habeas corpus by a person in
custody pursuant to the judgment of a State court. The
limitation period shall run from the latest of -
(A) the date on which the judgment became final by the
conclusion of direct review or the expiration of the time for
seeking such review....

28 U.S.C. § 2244(d)(1). In order to avoid any impermissible
retroactive application of the one-year period of limitation,
state prisoners whose convictions became final prior to the
enactment of the AEDPA were allowed to file their § 2254

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2001 WL 1555239 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

petitions no later than April 23, 1997. *See Burns v. Morton,* 134 F.3d 109, 111 (3d Cir.1998)(prohibiting dismissal of petitions filed on or before April 23, 1997, as untimely under § 2244(d)(1)(A)).

Thomas' conviction became final prior to the enactment of the AEDPA. He was convicted on June 28, 1993. The Delaware Supreme Court affirmed the judgment of conviction on September 21, 1994. Thomas was then allowed ninety days in which to file a petition for a writ of certiorari with the United States Supreme Court. *See* Supreme Court Rule 13. Although Thomas did not file a petition with the United States Supreme Court, the ninety-day period in which he could have filed such a petition is encompassed within the meaning of "the conclusion of direct review or the expiration of the time for seeking such review," as set forth in § 2244(d)(1)(A). *See Kapral v. United States,* 166 F.3d 565, 576 (3d Cir.1999)(holding that on direct review, the limitation period of § 2244(d)(1)(A) begins to run at the expiration of the time for seeking review in the United States Supreme Court). Therefore, Thomas' conviction became final on December 20, 1994, ninety days after the Delaware Supreme Court affirmed his conviction, and well before the enactment of the AEDPA on April 24, 1996. Thus, he could have filed a timely habeas petition with this court not later than April 23, 1997. *See Burns,* 134 F.3d at 111.

Ascertaining the precise date Thomas filed his habeas petition with the court is somewhat problematic. The court's docket reflects that the petition was filed on October 21, 1998, the date the clerk's office received his petition and filing fee. A pro se prisoner's habeas petition, however, is considered filed on the date he delivers it to prison officials for mailing to the district court, not on the date the court receives it. *Id.* at 113. Thomas has provided the court with no documentation establishing the date he delivered his petition to prison officials for mailing. The petition itself, however, is dated August 10, 1998. The respondents maintain that the filing date is October 8, 1998, but they provide no documentation to support this conclusion. Under these circumstances, the court will extend Thomas every benefit of the doubt and will consider his habeas petition filed on August 10, 1998, the earliest possible date he could

have delivered it to prison officials for mailing.

**\*3** Obviously Thomas' habeas petition was filed well beyond the April 23, 1997 deadline. That, however, does not end the inquiry because § 2244(d)'s period of limitation may be either statutorily or equitably tolled. *See Jones v. Morton,* 195 F.3d 153, 158 (3d Cir.1999).

### B. Statutory Tolling

The AEDPA provides for statutory tolling of the one-year period of limitation:

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

Thomas filed in state court a Rule 61 motion for post-conviction relief on December 18, 1996, which the Superior Court summarily dismissed on December 26, 1996. As previously noted, Thomas appealed from the order of dismissal. His subsequent motion to withdraw the appeal was granted on March 11, 1997. The respondents concede, and correctly so, that the filing of this motion for post-conviction relief tolled the period of limitation. Thus, the period of time from December 18, 1996, through March 11, 1997, does not count toward the one-year period of limitation.[FN1]

> FN1. The court notes that the one-year period is tolled during the time between the Superior Court's dismissal of Thomas' Rule 61 motion and his timely appeal to the Delaware Supreme Court. *See Swartz v. Meyers,* 204 F.3d 417, 420 (3d Cir.2000).

Thomas filed a second Rule 61 motion for post-conviction relief in state court on March 27, 1997, which was summarily dismissed on May 9, 1997. The Delaware Supreme Court affirmed the dismissal on November 24, 1997. Again, the respondents concede that the filing of the second Rule 61 motion tolled the period of limitation.[FN2] Thus, the period of time from March 27, 1997, through November 24, 1997, is excluded from the one-year limitation period.[FN3]

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2001 WL 1555239 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

Page 3

FN2. Only a "properly filed application" for post-conviction review tolls the one-year period under § 2244(d)(2). Whether Thomas' second Rule 61 motion constitutes a "properly filed application" is subject to debate. Under Rule 61, "[a]ny ground for relief that was not asserted in a prior postconviction proceeding ... is thereafter barred." Super. Ct. R.Crim. P., Rule 61(i)(2). This procedural bar, however, is inapplicable where a motion raises "a colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction." *Id.,* Rule 61(i)(5). The court need not, and does not, address whether Thomas' second Rule 61 motion was a "properly filed application" because the respondents concede that the one-year period was tolled while the second Rule 61 motion was pending. Regardless, as discussed herein, Thomas' habeas petition is untimely.

FN3. Thomas could have filed, but did not file, a petition for a writ of certiorari with the United States Supreme Court within ninety days of the Delaware Supreme Court's order. *See* Supreme Court Rule 13. As explained above, on direct review that ninety-day period is excluded from the one-year period of limitation. *See Kapral,* 166 F.3d at 576. In post-conviction proceedings, however, the time during which a state prisoner may file a petition in the United States Supreme Court does *not* toll the one-year period, and the ninety-day period is counted. *Stokes,* 247 F.3d at 543.

Nonetheless, since the date of the enactment of AEDPA, more than one year has passed during which statutory tolling does not apply. First, from April 24, 1996, through December 17, 1996, a period of 238 days, no post-conviction proceedings were pending, and those 238 days are included as part of the one-year period. In addition, from March 12, 1997, through March 26, 1997, no post-conviction relief proceedings were pending, and those fourteen days must be counted. Finally, from November 25,

1997, through August 9, 1998, a period of 258 days, no motion for post-conviction relief was pending, and those 258 days must be counted.

In sum, following the enactment of the AEDPA, 510 days lapsed during which Thomas had no post-conviction proceedings pending for purposes of § 2244(d)(2). This period of time, well in excess of one year, must be counted. The court thus concludes that while the statutory tolling provision applies to certain portions of time since the enactment of the AEDPA, it does not render Thomas' habeas petition timely filed.

C. Equitable Tolling

Additionally, the one-year period of limitation prescribed in § 2244(d) may be subject to equitable tolling. *Fahy v. Horn,* 240 F .3d 239, 244 (3d Cir.2001); *Jones,* 195 F.3d at 159; *Miller v. New Jersey State Dep't of Corrections,* 145 F.3d 616, 618 (3d Cir.1998). The doctrine of equitable tolling applies:

*4 only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing [the] claims. Mere excusable neglect is not sufficient.

*Miller,* 145 F.3d at 618-19 (citations omitted). In other words, equitable tolling "may be appropriate if (1) the defendant has actively misled the plaintiff, (2) the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." *Jones,* 195 F.3d at 159, *quoting United States v.. Midgley,* 142 F.3d 174, 179 (3d Cir.1998).

In the instant case, Thomas argues that the AEDPA's one-year period of limitation is at odds with the three-year period allowed for filing a Rule 61 motion for post-conviction relief. He contends that because Delaware allows three years in which to file a Rule 61 motion, and petitioners are required to exhaust state remedies before filing habeas petitions in federal court, it is unfair to apply

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2001 WL 1555239 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

the AEDPA's one-year period of limitation, rather than Delaware's three-year period.

Although Thomas is correct that Delaware generally allows three years in which to file a Rule 61 motion, *see* Super. Ct. R.Crim. P., Rule 61(i)(1), the court is unimpressed by his equitable tolling argument. As explained above, the court has applied § 2244(d)(2)'s tolling provision to exclude the periods of time during which his two post-conviction proceedings were pending before the state courts. These periods of time do not count against Thomas. There is nothing unfair or inequitable in applying the AEDPA's one-year period of limitation to petitioners who wait more than a year before filing a habeas petition in federal court, even if the Delaware rule permits a longer period of time in which to file Rule 61 motions.

More important, Thomas has failed to articulate any extraordinary circumstances that prevented him from filing his habeas petition with this court in a timely manner. Indeed, he has failed to offer *any* explanation for the delay. He has not provided the court with any reason why, after the AEDPA was enacted, he waited until December 18, 1996, to file his first Rule 61 motion. He has not explained why, after his second Rule 61 proceedings were completed on November 24, 1997, he waited until August 10, 1998, to file his habeas petition with this court.

In short, the court cannot discern any extraordinary circumstances that warrant applying the doctrine of equitable tolling. Thomas' habeas petition will be dismissed as untimely.

### D. Motion for Appointment of Counsel

In a letter to the court dated April 16, 2000, Thomas inquired respecting appointment of counsel in this matter. The court construes this letter as a motion for appointment of counsel. The Sixth Amendment right to counsel does not extend to habeas proceedings. *See Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987); *United States v. Roberson,* 194 F.3d 408, 415 n. 5 (3d Cir.1999). Additionally, the court has determined that Thomas' habeas petition will be dismissed as untimely. Accordingly, Thomas' letter dated April 16, 2000, construed as a motion for appointment of counsel,

will be denied as moot.

### III. CERTIFICATE OF APPEALABILITY

*5 Finally, the court must determine whether a certificate of appealability should issue. *See* Third Circuit Local Appellate Rule 22.2. The court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When the court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons discussed above, Thomas' habeas petition is barred by the one-year period of limitation. The court cannot conclude that the period should be statutorily or equitably tolled to render the petition timely. The court is convinced that reasonable jurists would not debate otherwise. Thomas therefore cannot make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not issue.

### IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED THAT:

1. Thomas' petition for a writ of habeas corpus pursuant to 28 U .S.C. § 2254 is DISMISSED, and the relief requested therein is DENIED.

2. Thomas' letter dated April 16, 2000, requesting appointment of counsel, is construed as a motion for appointment of counsel, and so construed, is DENIED as moot.

3. The court declines to issue a certificate of appealability

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d                                                    Page 5
Not Reported in F.Supp.2d, 2001 WL 1555239 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**


for failure to satisfy the standard set forth in 28 U.S.C. §
2253(c)(2).

IT IS SO ORDERED.

D.Del.,2001.
Thomas v. Snyder
Not Reported in F.Supp.2d, 2001 WL 1555239 (D.Del.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d                                                                                      Page 1
Not Reported in F.Supp.2d, 2003 WL 21146750
**(Cite as: Not Reported in F.Supp.2d)**

Not Reported in F.Supp.2d, 2003 WL 21146750
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Ronnie D. WILMER, Petitioner,
v.
Thomas L. CARROLL, Warden, and M. Jane Brady,
Attorney General of the State of Delaware, Respondents.
**No. Civ.A. 02-1587-SLR.**

May 16, 2003.

MEMORANDUM ORDER

ROBINSON, J.

### I. INTRODUCTION

*1 Petitioner Ronnie D. Wilmer is a Delaware inmate in custody at the Delaware Correctional Center in Smyrna, Delaware. Currently before the court is petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I.2) For the reasons that follow, the court concludes that petitioner's application is time-barred by the one-year period of limitations prescribed in 28 U .S.C. § 2244(d)(1). Accordingly, the court will dismiss the petition as untimely.

### II. BACKGROUND

Petitioner was indicted in July 1994 for three drug offenses. (D.I.11) He pled guilty in October 1994 to trafficking in cocaine and maintaining a vehicle for distributing controlled substances. The Delaware Superior Court sentenced petitioner to a total of eight years imprisonment, which it suspended after five years for three years probation. (*Id.*)

In February 2000, petitioner was arrested for several motor vehicle offenses. (*Id.*) During the execution of a search warrant at the home of petitioner's mother, the Delaware State Police found over 50 grams of crack cocaine. Petitioner subsequently admitted that the drugs belonged to him. In addition, probation officers charged petitioner with violating his curfew. As a result, in March 2000, state probation officers charged petitioner with violating the

terms of his probation and, in April 2000, petitioner was indicted on various drug charges. In August 2000, Petitioner pled guilty to possession of cocaine and maintaining a dwelling for keeping controlled substances, and the Delaware Superior Court found that petitioner had violated his probation stemming from the 1994 conviction. The Superior Court revoked his probation and petitioner was sentenced to two years imprisonment ("VOP sentence"). In connection with another 1994 conviction for which he had also been on probation, the Superior Court sentenced him to two years imprisonment. (*Id.*)

Petitioner did not appeal his conviction or the revocation of his probation. (*Id.*) Rather, on November 3, 2000, petitioner moved to modify his sentence under Rule 35(b) of the Superior Court Rules of Criminal Procedure. The Superior Court denied this motion on November 21, 2000, and petitioner did not appeal that decision. Subsequently, on July 23, 2001, petitioner filed a motion to correct his sentence under Rule 35(a) of the Superior Court Rules of Criminal Procedure, which the Superior Court denied on July 31, 2001. Petitioner appealed and, on February 13, 2002, the Delaware Supreme Court affirmed the Superior Court's decision. Forty-three days later, petitioner moved for post-conviction relief under Rule 61 of the Superior Court Rules of Criminal Procedure. On June 19, 2002, the Delaware Superior Court denied that motion, and the Delaware Supreme Court affirmed this denial on September 27, 2002. (*Id.*)

On October 29, 2002, petitioner filed with this court his application for federal habeas relief, along with a request to proceed *in forma pauperis*. (D.I.2) In his habeas petition, petitioner alleges that his counsel provided ineffective assistance by:[FN1]

> FN1. Petitioner did not write out the grounds for the petition but, rather, he attached a copy of the Delaware Supreme Court's Order affirming the Superior Court's judgment.

*2 (1) failing to inform him about the basis for the State's case, investigate the facts, or meet or communicate with him about the case;
(2) re-scheduling the VOP hearing repeatedly; and

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d                                                                    Page 2
Not Reported in F.Supp.2d, 2003 WL 21146750
(Cite as: Not Reported in F.Supp.2d)

(3) waiving his constitutional right to a preliminary hearing.

(D.I. 2, *Wilmer v. State,* No. 359, 2002, at 2 (Sept. 27, 2002)).

This court granted petitioner's request to proceed *in forma pauperis.* (*Id.*) On November 19, 2002, petitioner simultaneously filed a motion for release pending review (D.I.7) and a motion for the production of documents. (D.I.8) The motion for the production of documents requests copies of "all police reports, probable cause, and physical material evidence leading to the arrest of the petitioner ... [and a] copy of the executed search warrant." (*Id.*)

As to petitioner's application for federal habeas relief, respondents assert that the petition is untimely because petitioner filed it after the expiration of the one-year period of limitation, and they ask the court to dismiss it as time-barred. (D.I.11) They assert that the motion for release pending review should be denied because: (1) the entire petition is time-barred; and (2) petitioner has not satisfied the required standards justifying such action. (D.I.15) Respondents also assert that the motion for the production of documents should be denied because: (1) the entire petition is time-barred; and (2) petitioner has not established "good cause" for discovery. (D.I.14)

On February 10, 2003, petitioner filed a "reply in opposition of respondent's answer to motion for the production of documents" and a reply brief. (D.I.16, 17) Petitioner's reply regarding the motion for the production of documents asserts that the court needs to review the entire state record to determine the validity of his ineffective assistance of counsel claim, and that this mixed question of law and fact is not entitled to the "presumption of correctness" prescribed by § 2254(e)(1). (D.I. 16 at 2-3) Petitioner's reply brief provides additional explanations for his ineffective assistance of counsel claim. (D.I.17) In addition, petitioner requests an evidentiary hearing because facts are in dispute, and he asserts his right to counsel during such evidentiary hearing. (*Id.* at 6)

### III. DISCUSSION

#### A. One-Year Period of Limitation

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prescribes a one-year period of limitation for the filing of habeas petitions by state prisoners. 28 U.S.C. § 2244(d)(1). The AEDPA states, in pertinent part:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review....

28 U.S.C. § 2244(d)(1). If a state prisoner appeals a state court judgment, the state court criminal judgment becomes "final," and the statute of limitations begins to run, "at the conclusion of review in the United States Supreme Court or when the time for seeking certiorari review expires." *See Kapral v. United States,* 166 F.3d 565, 575, 578 (3d Cir.1999) ; *Jones v. Morton,* 195 F.3d 153, 158 (3d Cir.1999). If a petitioner does not appeal a state court judgment, then the conviction becomes final on the "date on which the time for filing such an appeal expired." *See Kapral,* 166 F.3d at 577.

**\*3** In the present case, the Delaware Superior Court sentenced petitioner on August 3, 2000. Because petitioner did not appeal his sentence, the one-year period of limitation began to run on the expiration of the time for filing an appeal. Pursuant to Delaware law, a notice of appeal in a direct criminal appeal must be filed within thirty days after a sentence is imposed. *See* 10 Del.Code Ann. § 147; Del.Supr.Ct.R. 6(a)(ii). Consequently, petitioner's conviction became final for the purposes of § 2244(d)(1) on September 5, 2000. [FN2] Thus, to timely file a habeas petition with this court, petitioner needed to file his § 2254 petition no later than September 5, 2001.

> FN2. The thirtieth day was actually September 2, a Saturday. Because Monday, September 4, was Labor Day, the appeal period expired on September 5, 2000. Del.Supr.Ct.R.11(a).

The court's docket indicates that petitioner filed his pending habeas petition on October 29, 2002, one year and fifty four days too late. However, a *pro se* prisoner's habeas petition is considered filed on the date the petition is delivered to

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                      Page 3
Not Reported in F.Supp.2d, 2003 WL 21146750
**(Cite as: Not Reported in F.Supp.2d)**

prison officials for mailing, not on the court's docket date. *Burns v. Morton,* 134 F.3d 109, 113 (3d Cir.1998). The pending petition was actually signed and dated October 9, 2002, and stamped as "received" by the District Court Clerk's Office on October 10, 2002. Thus, the court will assume that petitioner mailed the petition on October 9, 2002 and, therefore, will treat October 9, 2002 as the date of filing.

Even if the date of filing is October 9, 2002, the petitioner filed his habeas petition one year and thirty four days after his conviction became final. Nonetheless, if either the doctrine of statutory tolling or equitable tolling applies, then the petition will not be time-barred. *See Jones v. Morton,* 195 F.3d 153, 158 (3d Cir.1999). The court will discuss each doctrine in turn.

### B. Statutory Tolling

Section 2244(d)(2) of the AEDPA specifically permits the statutory tolling of the one-year period of limitation:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending should not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). The Third Circuit views a properly filed application for State post-conviction review as "one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." *Lovasz v. Vaughn,* 134 F.3d 146, 148 (3d Cir.1998).

Although the petitioner did not appeal his VOP sentence, he did file three post-conviction motions for review: (1) Rule 35(b) motion to modify sentence, filed November 3, 2000 and denied on November 21, 2000; (2) Rule 35(a) motion to correct sentence, filed July 23, 2001, denied on July 31, 2001, and affirmed by the Delaware Supreme Court on appeal on February 13, 2002; and (3) Rule 61 motion for post-conviction relief, filed on March 28, 2002, denied on June 19, 2002, and affirmed by the Delaware Supreme Court on appeal on September 27, 2002. The respondents assert that the Rule 35(b) motion to modify sentence does not toll the limitations period because it is "little more than a plea to the sentencing judge for leniency." (D.I. 11, citing

*Walkowiak v. Haines,* 272 F.3d 234 (4th Cir.2001); *see Bland v. Hall,* 2002 WL 989532 (D.Mass. May 14, 2002)). While the court agrees that petitioner's 35(b) motion does not toll the one-year period, it disagrees with the respondents' reasoning.

*4 Generally, a Rule 35(b) motion does toll the one-year time period because it "qualifies as an application for postconviction or other collateral review under § 2244(d)(2)." *McNeil v. Snyder,* 2002 WL 202100, at *3 (D. Del. Feb 8, 2002). However, even though a Rule 35(b) motion can toll the one-year period, it can only do so if it was timely filed in the right location. *See Lovasz v. Vaughn,* 134 F.3d 146, 148 (3d Cir.1998) ; 28 U.S.C. § 2244(d)(2). In this instance, the Delaware Superior Court denied the Rule 35(b) motion because it was "filed more than 90 days after imposition of sentence and is therefore timebarred." FN3 (D.I. 13, State's August 16, 2002 App. B2) Because petitioner's motion did not conform to the state's procedural requirements, the motion was not properly filed and, thus, it does not trigger 28 U.S.C. § 2244(d)(2)'s tolling provision.

> FN3. Del.Super. Ct. R. 35(b) requires a motion to reduce a sentence to be "made within 90 days after the sentence is imposed." The Superior Court Criminal Docket indicates that the sentence was imposed on August 3, 2000, but was not signed and filed until August 15, 2000. (D.I. 13, State's Aug. 16, 2002 App. B2) Thus, the 90-day filing period for a Crim R. 35(b) motion commenced on August 3, 2000, the date of sentencing. Petitioner filed his 35(b) motion on November 3, 2000, ninety-two days after sentencing.

The respondents correctly acknowledge that the one-year period was tolled by petitioner's other post-conviction motions. Petitioner filed his 35(a) motion to correct his sentence on July 23, 2001, tolling the time period until the Delaware Supreme Court affirmed the denial of post-conviction relief on February 13, 2002. By the time petitioner filed the Rule 35(a) motion, 321 days of the one-year period had lapsed. The one-year period began to run again on February 13, 2002, but was tolled 43 days later on March 28, 2002 when petitioner filed a motion for post-conviction relief under Rule 61 of the Superior Court

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 21146750
**(Cite as: Not Reported in F.Supp.2d)**

Page 4

Rules of Criminal Procedure. The time period was tolled until September 27, 2002, when the Delaware Supreme Court affirmed the denial of post-conviction relief. However, at this point in time, there was only one day left in the limitations period. Thus, to be timely, petitioner had to file his habeas petition by September 28, 2002. Accordingly, because the petition was not filed until October 9, 2002, it is time-barred. The court concludes that the doctrine of statutory tolling does not render the petition timely.

### C. Equitable Tolling

A petitioner may be able to avoid the AEDPA one-year time period by demonstrating that the doctrine of equitable tolling applies to the habeas motion. *Fahy v. Horn,* 240 F.3d 239, 244 (3d Cir.), *cert. denied,* 122 S.Ct. 323 (2001) ; *Miller v. New Jersey State Dep't of Corrs.,* 145 F.3d 616 (3d Cir.1998). Equitable tolling is proper when "the petitioner has in some extraordinary way ... been prevented from asserting his or her rights." *Id.* at 618 (internal citations omitted). However, the Third Circuit permits equitable tolling for habeas petitions in only four narrow circumstances:

(1) where the defendant actively misled the plaintiff;

(2) where the plaintiff was in some extraordinary way prevented from asserting his rights;

(3) where the plaintiff timely asserted his rights mistakenly in the wrong forum; or

(4) where [in a Title VII action] the claimant received inadequate notice of his right to file suit, a motion for appointment of counsel is pending, or the court misled the plaintiff into believing that he had done everything required of him.

**\*5** *Jones v. Morton,* 195 F.3d 153, 159 (3d Cir.1999). Federal courts invoke the doctrine of equitable tolling "only sparingly." *See United States v. Midgley,* 142 F.3d 174, 179 (3d Cir.1998). In order to trigger equitable tolling, the petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims;" mere excusable neglect is insufficient. *Miller,* 145 F.3d at 618-19 (citations omitted). For example, in non-capital cases, inadequate research, attorney error, miscalculation, or other mistakes do not qualify as "extraordinary circumstances"

sufficient to trigger equitable tolling. *Fahy v. Horn,* 240 F.3d 239, 244 (3d Cir.2001). Generally, "a statute of limitations should be tolled only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." *Jones,* 195 F.3d at 159 (quoting *United States v. Midgley,* 142 F.3d 174, 179 (3d Cir.1998).

The respondents' answer clearly asserts that the petition is time-barred and must be dismissed, and that the time period is neither statutorily nor equitably tolled. (D.I.11) Despite this explicit argument, petitioner's reply brief does not address the timeliness issue. (D.I.17) Rather, petitioner focuses on the issue of exhaustion of state remedies. [FN4] (*Id.*) Nevertheless, the court broadly construes petitioner's statement that "the respondents breach[ed] ... this court's procedural rules of habeas corpus proceedings, pursuant to 28 U.S.C. § 2249 associated with its obligation to submit to this court all state records of the defendant ... [c]learly it [is] conceivable that this is the respondents' attempt to sabotage the petitioner's efforts to make his claim of ineffective assistance of counsel argument" as a potential equitable tolling argument. (*Id.* at 4) Basically, petitioner appears to argue that the State's failure to respond to his prior requests for copies of the search warrant and police report illustrate that he "was in some extraordinary way prevented from asserting his rights."

> FN4. In fact, the respondents explicitly acknowledge that the petitioner "obviously exhausted state remedies." (D.I. 11 at 2)

The court is not persuaded by this argument. Even if, arguendo, the State were attempting to "sabotage the petitioner's effort to make his claim of ineffective assistance of counsel argument," the failure to produce the requested items did not prevent petitioner from timely filing his habeas petition. To the extent that petitioner's failure to timely file his petition was the result of a mistake, a mistake does not constitute an extraordinary circumstance. Equitable tolling is not triggered by a *pro se* prisoner's mistake or miscalculation of the time period. *See Simpson v. Snyder,* 2002 WL 1000094, at \*3 (D.Del. May 14, 2002). In short, the court concludes that the petitioner has not presented any extraordinary circumstances to warrant applying the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.


Not Reported in F.Supp.2d                                                                                           Page 5
Not Reported in F.Supp.2d, 2003 WL 21146750
**(Cite as: Not Reported in F.Supp.2d)**

doctrine of equitable tolling. Accordingly, petitioner's § 2254 habeas petition will be dismissed as untimely.

### D. Motion for an Evidentiary Hearing

**\*6** Petitioner asserts that he is entitled to an evidentiary hearing "on his ineffective assistance of counsel claims as a matter of right where the facts are disputed." (D.I. 17 at 6) Although a federal court has discretion to grant evidentiary hearings, the AEDPA permits such hearings only in limited circumstances. *See* 28 U.S.C. § 2254(e) ; *Campbell v. Vaughn,* 209 F.3d 280, 286-87 (3d. Cir.2000), *cert. denied,* 531 U.S. 1084 (2001). For example, if a habeas petitioner "has diligently sought to develop the factual basis of a claim for habeas relief, but has been denied the opportunity to do so by the state court, § 2254(e)(2) will not preclude an evidentiary hearing in federal court." *Id.* at 287 (quoting *Cardwell v. Greene,* 152 F.3d 331, 337 (4th Cir.1998). When deciding whether to grant an evidentiary hearing, courts "focus on whether a new evidentiary hearing would be meaningful, in that a new hearing would have the potential to advance the petitioner's claim." *Id.* A petitioner needs to explain how the evidentiary hearing will advance the habeas claim, or " 'forecast any evidence beyond that already contained in the record' that [will] help his cause." *Id.* (quoting *Cardwell,* 152 F.3d at 338).

In the present case, petitioner's habeas petition is time barred. The alleged "facts in dispute" to which petitioner refers involve the search warrant and police reports for the 2000 conviction. (D.I. 17 at 4,6) Any information contained in these requested documents would not alter the court's decision that the petition is time barred. [FN5] Accordingly, the court will deny petitioner's request for an evidentiary hearing.

> FN5. The court notes that this request was included in petitioner's reply brief. As such, he was aware of the respondents' assertion that the petition is time-barred and, therefore, he could have identified what evidence, if any, could be produced to challenge the time-bar issue.

### E. Motions for the Production of Documents and for Release

Petitioner asks the court for leave to conduct discovery, seeking to obtain copies of the police reports related to the 2000 offenses and a copy of the search warrant executed by state police. (D.I.8) Petitioner also requests that the court order his release pending disposition of his habeas petition. (D.I.7) Because the court will dismiss his habeas petition as untimely, petitioner's requests for discovery and release are now moot.

Even if petitioner's requests were not moot, he has failed to satisfy the standards justifying the granting of the two motions. First, a federal court may grant leave to conduct discovery only if the party establishes "good cause" for such discovery. Rule 6(a) of the Rules Governing Section 2254 Actions. In order to establish "good cause," the applicant must state the "point to specific evidence that might be discovered that would support a constitutional claim." *Marshall v. Hendricks,* 103 F.Supp.2d 749, 760 (D.N.J.2000), *rev'd in part on other grounds,* 307 F.3d 36 (3d Cir.2002) (citing *Deputy v. Taylor,* 19 F.3d 1485, 1493 (3d Cir.1994)).

Although petitioner specifically identifies the documents requested for discovery, he does not articulate the information he expects to uncover in the reports or how the reports would support his constitutional claim. His unsupported conclusory allegation that "had this evidence been disclosed in state court proceedings, the results would have been different" fails to provide "good cause." As such, even if not moot, the request for the production of the police reports and the search warrant would be denied.

**\*7** Second, with regard to his motion for release pending disposition of his habeas petition, petitioner erroneously asserts Rule 23(c) of the Federal Rules of Appellate Procedure as authorizing such release. (D.I.7) This rule governs requests for bail pending review by an appellate court of an order of the district court granting a writ of habeas corpus, not this situation where petitioner requests bail pending the district court's review of an application for habeas relief. *See Landano v. Rafferty,* 970 F.2d 1230, 1239 (3d Cir.1992). In order for a district court to grant bail pending review of the habeas petition of a state prisoner, the court must find "extraordinary circumstances." *Id.* (citing *Lucas v. Hadden,* 790 f.2d 365, 367 (3d Cir.1986).

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Accordingly, even if not moot, the court would deny the motion because petitioner has failed to articulate any extraordinary circumstances that would allow the court to order his release from state custody.

### IV. CERTIFICATE OF APPEALABILITY

When a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability because the petitioner "has [not] made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A court will grant a certificate of appealability in such a case only if the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated above, the court concludes that petitioner's habeas petition is barred by the one-year period of limitation. Neither the statutory tolling provision nor the doctrine of equitable tolling applies. Moreover, the court is convinced that reasonable jurists would not find these conclusions unreasonable. Consequently, petitioner has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not be issued.

### V. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:
1. Petitioner Ronnie D. Wilmer's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (D.I.2) is DISMISSED, and the relief requested therein is DENIED.
2. Petitioner's motion for release pending review and decision (D.I.7) is DENIED.
3. Petitioner's motion for the production of documents (D.I.8) is DENIED.
4. Petitioner's request for an evidentiary hearing and the appointment of counsel (D.I. 17 at 6) is DENIED.
**\*8** 5. The court declines to issue a certificate of appealability for failure to satisfy the standard set forth in 28 U.S.C. § 2253(c)(2).

D.Del.,2003.
Wilmer v. Carroll
Not Reported in F.Supp.2d, 2003 WL 21146750

Briefs and Other Related Documents (Back to top)

• 1:02CV01587 (Docket) (Oct. 29, 2002)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d                                                                              Page 1
Not Reported in F.Supp.2d, 2002 WL 1000094 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court, D. Delaware.
Charles W. SIMPSON, Petitioner,
v.
Robert W. SNYDER, Warden, and Attorney General of the
State of Delaware, Respondents.
**No. CIV.A. 00-737-GMS.**

May 14, 2002.

MEMORANDUM AND ORDER

SLEET, District J.

**\*1** Following a jury trial in the Delaware Superior Court, Charles W. Simpson was convicted of rape, attempted rape, and unlawful sexual contact. He was sentenced to three consecutive terms of life in prison plus seven years. Simpson has now filed with the court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. As explained below, the court will dismiss Simpson's petition as time barred by the one-year period of limitation prescribed in 28 U.S.C. § 2244(d)(1).

I. BACKGROUND

On July 3, 1990, a jury in the Delaware Superior Court found Charles W. Simpson guilty of two counts of first degree rape, attempted first degree rape, and unlawful sexual contact in the second degree. The victim was the minor daughter of Simpson's girlfriend. On September 21, 1990, the Superior Court sentenced Simpson to three terms of life in prison plus seven years. The Delaware Supreme Court affirmed Simpson's conviction and sentence on December 19, 1991. *Simpson v. State,* No. 340, 1990, 1991 WL 316959 (Del. Dec. 19, 1991).

On December 15, 1994, Simpson filed in the Superior Court a motion for postconviction relief pursuant to Rule 61 of the Superior Court Rules of Criminal Procedure. The Superior Court found that some of Simpson's claims were procedurally barred, and that the remaining claims were without merit. *State v. Simpson,* Crim. A. No. IN-89-03-1657-R1, 1995 WL 562163 (Del.Super.Ct. Sept. 8, 1995). The Delaware Supreme Court affirmed the

Superior Court's order denying Rule 61 relief. *Simpson v. State,* No. 421, 1995, 1996 WL 554233 (Del. Sept. 20, 1996). Simpson filed a second Rule 61 motion on October 3, 1997, which the Superior Court denied on the ground that each of his claims was procedurally barred. *State v. Simpson,* Crim. A. No. IN89-031657R2, 1998 WL 735882 (Del.Super.Ct. Sept. 1, 1998). The Delaware Supreme Court again affirmed. *Simpson v. State.* No. 429, 1998, 1999 WL 636630 (Del. July 30, 1999).

Simpson has now filed the current petition for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. In his petition, Simpson raises six claims for relief. The respondents argue that the petition is subject to a one-year period of limitation that expired before Simpson filed it. Thus, they ask the court to dismiss the petition as time barred.

II. DISCUSSION

A. One-Year Period of Limitation

In the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress amended the federal habeas statute by prescribing a one-year period of limitation for the filing of habeas petitions by state prisoners. *Stokes v. District Attorney of County of Philadelphia,* 247 F.3d 539, 541 (3d Cir.), *cert. denied,* 122 S.Ct. 364 (2001). Effective April 24, 1996, the AEDPA provides:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
**\*2** (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review ...

28 U.S.C. § 2244(d)(1). In order to avoid any impermissible retroactive application of the one-year period of limitation, state prisoners whose convictions became final prior to the enactment of the AEDPA were allowed to file their § 2254 petitions no later than April 23, 1997. *See Burns v. Morton,* 134 F.3d 109, 111 (3d Cir.1998)(prohibiting dismissal of petitions filed on or before April 23, 1997, as untimely under § 2244(d)(1)(A)).

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2002 WL 1000094 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Simpson's conviction became final prior to the enactment of the AEDPA. He was sentenced on September 21, 1990. The Delaware Supreme Court affirmed the judgment of conviction on December 19, 1991. Simpson was then allowed ninety days in which to file a petition for a writ of certiorari with the United States Supreme Court. *See* Supreme Court Rule 13.1. Although Simpson did not file a petition with the United States Supreme Court, the ninety-day period in which he could have filed such a petition is encompassed within the meaning of "the conclusion of direct review or the expiration of the time for seeking such review," as set forth in § 2244(d)(1)(A). *See Kapral v. United States,* 166 F.3d 565, 576 (3d Cir.1999)(holding that on direct review, the limitation period of § 2244(d)(1)(A) begins to run at the expiration of the time for seeking review in the United States Supreme Court). Therefore, Simpson's conviction became final on March 19, 1992, ninety days after the Delaware Supreme Court affirmed his conviction, and well before the enactment of the AEDPA on April 24, 1996. Thus, he could have filed a timely habeas petition with this court not later than April 23, 1997. *See Burns,* 134 F.3d at 111.

The court's docket reflects that Simpson's habeas petition was filed on August 10, 2000. (D.I.1.) A pro se prisoner's habeas petition, however, is considered filed on the date he delivers it to prison officials for mailing to the district court, not on the date the court dockets it. *Id.* at 113. Attached to Simpson's petition is a certificate of service certifying that he placed it in the prison mail on August 3, 2000. Thus, the court deems Simpson's petition filed on August 3, 2000.

Obviously Simpson's habeas petition was filed well beyond the April 23, 1997 deadline. That, however, does not end the inquiry because § 2244(d)'s period of limitation may be either statutorily or equitably tolled. *See Jones v. Morton,* 195 F.3d 153, 158 (3d Cir.1999).

### B. Statutory Tolling

The AEDPA provides for statutory tolling of the one-year period of limitation as follows:
The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

**\*3** As described above, Simpson filed in the Superior Court his first Rule 61 motion for postconviction relief on December 15, 1994, prior to the enactment of the AEDPA. His Rule 61 motion was pending until September 20, 1996, when the Delaware Supreme Court affirmed the denial of postconviction relief. Respondents acknowledge, and correctly so, that the one-year period was tolled while Simpson's first Rule 61 motion was pending until September 20, 1996.

More than one year later, on October 3, 1997, Simpson filed his second Rule 61 motion in the Superior Court. By that time, however, the one-year period had expired. Simpson's second Rule 61 motion, filed after the one-year period expired, has no effect on the timeliness inquiry in the current matter.

In short, the one-year period of limitation was tolled while Simpson's first Rule 61 motion was pending. Nonetheless, the one-year period expired before Simpson filed his federal habeas petition.

### C. Equitable Tolling

In addition to statutory tolling, the one-year period of limitation may be subject to equitable tolling. *Fahy v. Horn,* 240 F.3d 239, 244 (3d Cir.), *cert. denied,* 122 S.Ct. 323 (2001); *Jones,* 195 F.3d at 159; *Miller v. New Jersey State Dep't of Corr.,* 145 F.3d 616, 618 (3d Cir.1998). The doctrine of equitable tolling applies:
only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing [the] claims. Mere excusable neglect is not sufficient.

*Miller,* 145 F.3d at 618-19 (citations omitted). In other words, equitable tolling "may be appropriate if (1) the defendant has actively misled the plaintiff, (2) the plaintiff has 'in some extraordinary way' been prevented from

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d                                                    Page 3
Not Reported in F.Supp.2d, 2002 WL 1000094 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." *Jones,* 195 F.3d at 159 (quoting *United States v.. Midgley,* 142 F.3d 174, 179 (3d Cir.1998)).

Here, Simpson has failed to articulate any extraordinary circumstances that prevented him from filing his habeas petition with this court in a timely manner. He has not explained why he waited until October 3, 1997, to file his second Rule 61 motion. Nor has he explained why he waited until August 3, 2000, to file the current petition. His only explanation is that some unidentified individual at the prison assured him that he would have one year following the conclusion of his second Rule 61 proceedings in which to file a federal habeas petition. (D.I.18.)

Unfortunately for Simpson, his unfamiliarity with federal habeas filing requirements does not excuse his failure to comply with the one-year period of limitation. An incarcerated pro se petitioner's lack of legal knowledge does not constitute an extraordinary circumstance warranting equitable tolling of the one-year period of limitation. *See Delaney v. Matesanz,* 264 F.3d 7, 15 (1st Cir.2001); *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir.2000), *cert. denied,* 531 U.S. 1194 (2001); *United States v. Cicero,* 214 F.3d 199, 203 (D.C.Cir.2000); *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir.), *cert. denied,* 531 U.S. 1035 (2000). Likewise, "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes" are not extraordinary circumstances giving rise to equitable tolling. *Fahy,* 240 F.3d at 244. The purpose of the one-year period of limitation is to "considerably speed up the habeas process while retaining judicial discretion to equitably toll in extraordinary circumstances." *Miller,* 145 F.3d at 618. Applying the doctrine of equitable tolling simply because a pro se petitioner is unfamiliar with the intricacies of federal habeas procedures would seriously undermine this purpose.

*\*4* Moreover, even if someone at the prison erroneously assured Simpson that he could file a federal habeas petition within one year of the conclusion of his second Rule 61 proceedings, the court cannot conclude that his habeas petition was timely filed. Simpson's second Rule 61 motion was "pending" under § 2244(d)(2) until July 30, 1999, when the Delaware Supreme Court affirmed the Superior Court's

order denying it. *See Swartz v. Meyers,* 204 F.3d 417, 420 (3d Cir.2000). Simpson filed his habeas petition more than one year later on August 3, 2000.

In short, the court can discern no circumstances which would permit applying the doctrine of equitable tolling. Simpson's habeas petition will be dismissed as untimely.

### III. CERTIFICATE OF APPEALABILITY

Finally, the court must determine whether a certificate of appealability should issue. *See* Third Circuit Local Appellate Rule 22.2. The court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When the court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons discussed above, Simpson's habeas petition is barred by the one-year period of limitation. The court cannot conclude that the period should be statutorily or equitably tolled. The court is convinced that reasonable jurists would not debate otherwise. Simpson has, therefore, failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not be issued.

### IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED THAT:

1. Charles W. Simpson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DISMISSED, and the relief requested therein is DENIED.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2002 WL 1000094 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Page 4

2. The court declines to issue a certificate of appealability for failure to satisfy the standard set forth in 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

D.Del.,2002.
Simpson v. Snyder
Not Reported in F.Supp.2d, 2002 WL 1000094 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:00CV00737 (Docket) (Aug. 10, 2000)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2007, I electronically filed an answer to a habeas petition with the Clerk of Court using CM/ECF.  I also hereby certify that on April 10, 2007, I have mailed by United States Service, two copies of the same document to the following non-registered participant:

        Harold P. Scott
        SBI No. 149882
        Delaware Correctional Center
        1181 Paddock Road
        Smyrna, DE 19977

/s/Elizabeth R. McFarlan
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 3759
elizabeth.mcfarlan@state.de.us