IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

HAROLD P. SCOTT,                  :
                                  :
       Petitioner,            :
                                  :
v.                                : Civil Action No. 06-779-JJF
                                  :
ELIZABETH BURRIS, Acting          :
Warden, and JOSEPH R.             :
BIDEN, III, Attorney General      :
of the State of Delaware,         :
                                  :
       Respondents.[1]         :

---

Harold Pete Scott.  Pro Se Petitioner.

Elizabeth R. McFarlan, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Counsel for Respondents.

---

**MEMORANDUM OPINION**[2]

February 2l, 2008
Wilmington, Delaware

---

[1]Attorney General Joseph R. Biden, III assumed office in January, 2007, replacing former Attorney General Carl C. Danberg, an original party to this case, and Acting Warden Elizabeth Burris assumed office in September 2007, replacing former Warden Thomas Carroll, an original party to this case. See Fed. R. Civ. P. 25(d)(1).

[2]This case was originally assigned to the Vacant Judgeship and re-assigned to the undersigned on February 1, 2008.

Farnan, District Judge

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by Petitioner Harold P. Scott ("Petitioner"). (D.I. 11.) For the reasons discussed, the Court concludes that the Petition is time-barred by the one-year period of limitations prescribed in 28 U.S.C. § 2244(d)(1).

I.  FACTUAL AND PROCEDURAL BACKGROUND

On April 15, 1998, a Delaware Superior Court jury found Petitioner guilty of second degree burglary and theft. State v. Scott, 1998 WL 729605 (Del. Super. Ct. June 24, 1998)(Mem. Order Petitioner's motion for judgment of acquittal). The Superior Court sentenced Petitioner to a total of nine years of incarceration at Level V, suspended after five years for a total of four years at a halfway house and probation. Petitioner appealed, and the Delaware Supreme Court affirmed his convictions and sentences. Scott v. State, 1999 WL 415804 (Del. Apr. 29, 1999).

On August 2, 1999, Scott filed in the Delaware Superior Court a motion for state post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). The Superior Court denied the motion on September 20, 1999. State v. Scott, 1999 WL 1240816 (Del. Super. Ct. Sept. 20, 1999). Petitioner did not appeal the Superior Court's judgment.

1

Beginning in November 2002, Petitioner filed in the Superior Court a series of petitions for a writ of habeas corpus. The Superior Court denied the petitions, and Petitioner did not appeal those decisions. See generally (D.I. 25, Del. Super. Ct. Dkt. in ID 96129112949).

A violation of probation report was filed in the Superior Court in November 2003. Following a court-ordered psychiatric evaluation of Petitioner, the Superior Court held a violation of probation hearing on April 30, 2004, and revoked Petitioner's probation after finding that Petitioner had violated the terms of his probation. The Superior Court re-imposed a two-year sentence, with the first six months to be served at Level V, suspended after six months for decreasing levels of probation. (D.I. 25, Violation of Probation Sentence Order in State v. Scott, ID 9612012949 (Del. Super. Ct. April 30, 2004).) Petitioner did not appeal that decision.

In August 2004, Petitioner's Level III probation officer filed an administrative warrant. On September 8, 2004, after a hearing, Petitioner was again found to have violated the terms of his probation. The Superior Court revoked Petitioner's probation and re-sentenced him to three years of Level V imprisonment with no probation to follow. (D.I. 25, Violation of Probation Sentence Order in State v. Scott, ID 9612012949 (Del. Super. Ct. Sept. 8, 2004).)

2

On January 13, 2006, Petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). (D.I. 25, Del. Super. Ct. Crim. Dkt., Entry No. 79.) The Superior Court rejected the Rule 61 motion as non-compliant on January 26, 2006. Id. at No. 83. Then, on March 16, 2006, the Superior Court treated the rejected Rule 61 motion as a Rule 35 motion for modification of sentence, determined that Petitioner was not amenable to probation, and denied the motion. Id. at No. 85.

In December 2006, Petitioner filed in this Court a form used for actions filed pursuant to 42 U.S.C. § 1983, but the form asserted habeas claims under 28 U.S.C. § 2254. The Court sent Petitioner the correct form for a § 2254 petition, and Petitioner filed an amended Petition in February 2007. Although not entirely clear, Petitioner appears to argue that he should be on probation as originally provided in his 1998 sentence, and therefore, his present incarceration at Level V is unconstitutional. (D.I. 11.)

Respondents filed an Answer requesting the Court to dismiss the Petition as untimely. (D.I. 19.) Petitioner filed an unintelligible Response. (D.I. 22.) The Petition is ready for review.

3

## II.  DISCUSSION

### A.  One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date must comply with the AEDPA's requirements.  See generally Lindh v. Murphy, 521 U.S. 320, 336 (1997).  The AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The Petition, filed in 2006, is subject to the one-year limitations period contained in § 2244(d)(1).  See Lindh, 521 U.S. at 336.  Petitioner does not allege, nor can the Court discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D).  Accordingly, the one-year period of limitations

4

began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner does not appeal a state court judgment, the judgment of conviction becomes final, and the one-year period begins to run, upon expiration of the time period allowed for seeking direct review. See Kapral v. United States, 166 F.3d 565, 575, 578 (3d Cir. 1999); Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999). Here, the Delaware Superior Court sentenced Petitioner for his violation of probation on September 8, 2004, and he did not appeal. Therefore, petitioner's violation of probation conviction became final on October 8, 2004. See Del. Supr. Ct. R. 6(a)(ii)(establishing a 30 day period for timely filing a notice of appeal). Accordingly, to comply with the one-year limitations period, Petitioner had to file his § 2254 application by October 10, 2005.[3] See Wilson v. Beard, 426 F.3d 653 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions).

Petitioner did not file his Petition until December 15, 2006,[4] approximately one year and two months after AEDPA's

---

[3]Because the last day of the AEDPA's limitations period fell on a Saturday, Petitioner had until Monday, October 10, 2005 to file his Petition. See Fed. R. Civ. P. 6(a).

[4]It is well-settled that a prisoner's pro se habeas petition is deemed filed on the date he delivers it to prison officials for mailing to the district court. See Longenette v. Krusing,

5

statute of limitations expired. Thus, the Petition is time-barred, unless the limitations period can be statutorily or equitably tolled. See Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999). The Court will discuss each doctrine in turn.

### B. Statutory Tolling

Statutory tolling of the one-year limitations period is authorized by Section 2244(d)(2) of the AEDPA, which provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending should not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). A properly filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals. Swartz v. Meyers, 204 F.3d 417, 424-25 (3d Cir. 2000). However, a properly filed application for State collateral review will only toll the limitations period if it was filed and pending before the expiration of the AEDPA's limitations period. See Price v. Taylor, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002).

---

322 F.3d 758, 761 (3d Cir. 2003)(the date on which a prisoner transmitted documents to prison authorities is to be considered the actual filing date); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998). Therefore, the Court adopts December 15, 2006, the date contained on Petitioner's initial § 1983 form containing habeas claims, as the filing date. See Woods v. Kearney, 215 F. Supp. 2d 458, 460 (D. Del. 2002); Gholdson v. Snyder, 2001 WL 657722, at *3 (D. Del. May 9, 2001).

In this case, Petitioner's Rule 61 motion does not trigger the statutory tolling doctrine. First, the Rule 61 motion was not a "properly filed" application for State collateral review because the Superior Court rejected the Rule 61 motion as non-compliant. See, e.g., Austin v. Carroll, 224 Fed. Appx. 161, 163-65 (3d Cir. 2007)(non-precedential). Second, Petitioner filed the Rule 61 motion after the AEDPA's limitations period had already expired. Finally, even though the Superior Court treated the non-compliant Rule 61 motion as a Rule 35 motion for modification of sentence, the Rule 35 motion does not have any tolling effect because it was still filed after the expiration of the AEDPA's limitations period.[5] Therefore, the statutory tolling doctrine does not render the Petition timely.

### C. Equitable Tolling

The AEDPA's limitations period may be equitably tolled, but "only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice."

---

[5] In Hartmann v. Carroll, 492 F.3d 478, 481 (3d Cir. 2007), the Third Circuit held that a Rule 35 motion for modification of sentence will only toll the limitations period if the motion challenges the lawfulness of the petitioner's sentence and does not seek discretionary relief based on mercy and grace. Here, the State record does not indicate if Petitioner's Rue 35 motion sought discretionary relief based on mercy and grace, or whether it challenged the lawfulness of Petitioner's sentence. However, the fact that the Rule 35 motion was not filed within the AEDPA's one-year limitations period eliminates the need to determine if Petitioner's Rule 35 motion constituted a State court application for collateral review.

7

Jones, 195 F.3d at 159 (3d Cir. 1999). In order to trigger equitable tolling, a petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims" and that he was prevented from asserting his rights in some extraordinary way; mere excusable neglect is insufficient. Miller, 145 F.3d at 618-19 (citations omitted); Schlueter v. Varner, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third Circuit has specifically limited equitable tolling of AEDPA's limitations period to the following circumstances:

> (1) where the defendant (or the court) actively misled the plaintiff;
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

Jones, 195 F.3d at 159; see also Brinson v. Vaughn, 398 F.3d 225, 231 (3d Cir. 2005)(equitable tolling is appropriate where the court misleads petitioner about steps necessary to preserve habeas claim).

Here, Petitioner does not allege, and the Court does not discern, any extraordinary circumstance justifying equitable tolling. To the extent Petitioner made a mistake regarding his computation of the AEDPA's statute of limitations, that mistake does not warrant equitably tolling the limitations period. See LaCava v. Kyler, 398 F.3d 271, 276 (3d Cir. 2005)("in non-capital cases, attorney error, miscalculation, inadequate research, or

8

other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling")(internal citation omitted); Simpson v. Snyder, 2002 WL 1000094, at *3 (D. Del. May 14, 2002)(a petitioner's lack of legal knowledge does not constitute an extraordinary circumstance for equitable tolling purposes). Accordingly, the Court will dismiss the Petition as time-barred.

### III. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. See Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Id.

9

The Court has concluded that Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 is time-barred. The Court is persuaded that reasonable jurists would not find this conclusion to be debatable, and therefore, the Court declines to issue a certificate of appealability.

## IV. CONCLUSION

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 will be denied. (D.I. 11.)

An appropriate Order will be entered.